*In re* ESTATE OF BRUCE SMALLWOOD, DECEASED.[*]

(*Knoxville.* September Term, 1927.)

Opinion filed, December 3, 1927.

1. WAR RISK INSURANCE. DISTRIBUTION.

Where it appeared that the deceased held two insurance policies issued by the United States payable to the mother, who died subsequent to the death of the insured, and thereafter the monthly payments were made to the father (the husband of the beneficiary) until his death, the remaining amount due under the policy was payable to the brothers and sisters of the insured (of the whole and half blood) even though the brothers and sisters of the half blood were born subsequent to the death of the insured. (Post, p. 223.)

2. INSURANCE. BENEFICIARY. MARRIED WOMEN'S ACT.

If under the terms of an insurance policy the beneficiary named was entitled to the proceeds absolutely, upon her death, intestate, the fund would go to her husband notwithstanding the Married Women's Act. (Post, p. 224.)

Citing: Baker v. Dew, 133 Tenn. (6 Thomp.), 126.

3. INSURANCE. DESCENT AND DISTRIBUTION.

Where it appears that the mother of the insured was the beneficiary and that she predeceased the father, who died intestate, the fund would be distributed among his children who were brothers and sisters of the insured, both whole and half blood. (Post, p. 224.)

Citing: Shannon's Code, (1917 Ed.), sec. 4172.

4. INSURANCE. WAR RISK INSURANCE. BENEFICIARY. HUSBAND AND WIFE.

Under the War Risk Insurance Act where the mother was the beneficiary she took the entire fund which on her death went to her husband. (Post, p. 224.)

Citing: War Risk Insurance Act, sec. 402, passed 1914; World War Veteran's Act, sec. 303, passed in 1924, amended by Act of March 4, 1925.

5. **WAR RISK INSURANCE.  DESCENT AND DISTRIBUTION.**

Where the right of the father of the insured to a fund due under the War Risk Insurance Act accrued prior to the passage thereof his right to the fund was not effected by the passage thereof but is treated as effected under our laws of descent and distribution. (Post, .p. 227.)

Citing: Shannon's Code, 1917 Ed., subsec. 4, sec. 4172; War Risk Ins. Act., sec. 303, passed 1924.

---

\*Headnotes 1. Army and Navy, 5 C. J., section 235 (Anno); 2. Army and Navy, 5 C. J., section 235 (Anno).

---

### FROM SEVIER.

---

Appeal from the Chancery Court of Sevier County.— Hon. Ben Robertson, Judge.

Fred C. Houk, for complainant.

G. L. Zirkle, guardian *ad litem,* for defendant.

Mr. Justice McKinney delivered the opinion of the Court.

*(1)* Prior to his death in 1918 Bruce Smallwood procured from the United States of America two policies of insurance upon his life in the sum of $5,000 each.  The mother of the insured was named as sole beneficiary therein.  The Federal Statute, under which said policies were issued, provided that upon the death of insured the insurance should be payable in two hundred and forty equal monthly installments.  Such payments were made to the beneficiary until her death in 1919.  Thereafter,

monthly payments were made to the father of insured, and the husband of the beneficiary named in said policies, until his death in 1926.

The insured, who died intestate, was survived by one brother and two sisters of the whole blood.

In 1921 the father of insured was again married, the result of the union being the birth of a son and two daughters.

Upon the death of the father the United States of America paid to the administrator of Bruce Smallwood, conformably to statute, the balance due under said two policies or certificates, to-wit, $7,132, and the contest is over this fund. The brother and sisters of the half blood insist that they are entitled to share said fund equally with the brother and sisters of the whole blood, while the latter insist that they are entitled to the entire fund. The Chancellor decreed that the fund be equally divided between the brothers and sisters of the whole and half blood, and, in our opinion, his decree was correct.

(2) If the beneficiary named was entitled to the proceeds absolutely, then upon her death, intestate, in 1919, the fund would go to her husband, notwithstanding the Married Women's Emancipation Act. *Baker* v. *Dew,* 133 Tenn., 126.

(3) Upon the death of the father, intestate, in 1926, the fund would be distributed among his children, which would include children born of both marriages. Shannon's Annotated Code, sec. 4172.

(4) It is stipulated that the controlling statutes are section 402 of the War Risk Insurance Act, passed in 1914, and section 303 of The World War Veteran's Act, passed in 1924, as amended by the Act of Congress of March 4, 1925. The former section is as follows:

"That the director, subject to the general direction of the Secretary of the Treasury, shall promptly determine upon and publish the full and exact terms and conditions of such contract of insurance. The insurance shall not be assignable, and shall not be subject to the claims of creditors of the insured or of the beneficiary. It shall be payable only to a spouse, child, grandchild, parent, brother or sister, and also during total and permanent disability to the insured person, or to any or all of them. The insurance shall be payable in two hundred and forty equal monthly installments. Provisions for maturity at certain ages, for continuous installments during the life of the insured or beneficiaries, or both, for cash, loan, paid-up and extended values, dividends from gains and savings, and such other provisions for the protection and advantage of and for alternative benefits to the insured and the beneficiaries as may be found to be reasonable and practicable, may be provided for in the contract of insurance, or from time to time by regulations. All calculations shall be based upon the American Experience Table of Mortality and interest at three and one-half per centum per annum, except that no deduction shall be made for continuous installments during the life of the insured in case his total and permanent disability continues more than two hundred and forty months. Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries, but only within the classes herein provided. If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons, within the

permitted class of beneficiaries as would under the laws of the State of the residence of the insured, be entitled to his personal property in case of intestacy. If no such person survive the insured, then there shall be paid to the estate of the insured an amount equal to the reserve value, if any, of the insurance at the time of his death, calculated on the basis of the American Experience Table of Mortality and three and one-half per centum interest in full of all obligations under the contract of insurance.''

Under this provision it would seem that the beneficiary (mother) who survived the insured took the entire fund, and, upon her death, it went to her husband.

The latter section, referred to above, is as follows:

''If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: *Provided,* That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this Act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: *Pro-*

*vided* further, That no award of yearly renewable term insurance which has been made to the estate of a last surviving beneficiary shall be affected by this amendment: *Provided further,* That in cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917.''

This section, while retrospective in character, must be read in conjunction with section 600 of the Act of 1924, which repeals that Act of 1914, and other acts, but provides that such repeal ''shall not affect any act done or any right or liability accrued, or any suit commenced before the said repeal, but all such rights and liabilities under said Acts shall continue and may be enforced in the same manner as if said repeal had not been made.''

(5) Necessarily the right of the father of insured to this fund had accrued prior to the passage of said Act of 1924, and his interest in or right to the fund was not effected by its passage. But treating it as effective, the result would be the same, since, under subsection 4 of section 4172 of Shannon's Annotated Code, the personal property of a person dying without children goes to his father.

The Chancellor inadvertently referred to the following provision contained in the Act of December 24, 1919, as a part of section 402, Act of 1914, to-wit:

''That if any person to whom such yearly renewable term insurance has been awarded dies, or his rights are otherwise terminated after the death of the insured, but before all of the two hundred and forty monthly installments have been paid, then the monthly installments pay-

able and applicable shall be payable to such person or persons within the permitted class of beneficiaries as would, under the laws of the State of residence of the insured, be entitled to his personal property in case of intestacy; and if the permitted class of beneficiaries be exhausted before all of the two hundred and forty monthly installments have been paid, then there shall be paid to the estate of the last surviving person within the permitted class the remaining unpaid monthly installments.''

The right of both the mother and father to this insurance had accrued prior to the passage of said act, but, treating it as applicable, it would necessarily have to relate to the next of kin of the insured as constituted at the death of the father. If it means next of kin at date of death of insured, that would be the father, and all parties to this controversy would take the fund as distributees of his personal estate.

From whatever angle the cause is viewed the same result is obtained, viz: that upon the death of the mother the father was entitled to the insurance, and upon his death his children were entitled to have the proceeds distributed equally among them.

There is no error in the decree of the Chancellor, and it will be affirmed.

The costs will be taxed against the adult brother and sisters, and the guardian *ad litem* fee, to be fixed by the Chancellor, paid out of the funds of the minor brother and sisters.

The cause will be remanded for further proceedings.