## Staunton.

IDA P. PRICE v. E. H. McCONNELL, ADMINISTRATOR OF THE ESTATE OF ARTHUR PRICE, DECEASED, R. N. PRICE, GEORGE PRICE, JOHN PRICE, C. C. PALMER, COMMITTEE OF W. T. PRICE, SUSAN P. KETRON, JOHN SPEARS, IDA SPEARS, DOCK SPEARS, LENNIE SPEARS, GEORGE SPEARS, EARL W. PRICE, ELLEN V. PRICE AND ROBERT C. PRICE.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*Richmond Bond* and *W. S. Cox*, for the appellant.

*S. H. Bond, S. W. Coleman, Ira T. Collins* and *Will H. Nickels*, for the appellees.

CHICHESTER, J., delivered the opinion of thecourt.

The facts of this case are undisputed. They are well stated in the petition for an appeal, and are repeated here.

Arthur Price, a citizen of Scott county, Virginia, was a soldier in the Army of the United States during the World War, and obtained the war risk insurance issued by the government, naming his father, W. H. Price, and his stepmother, Ida P. Price, as equal beneficiaries. The soldier was unmarried. He died intestate in the military service on the 3rd day of October, 1918. Under the certificate of insurance a total of 240 monthly installments were payable, and the father as beneficiary drew installments until the 14th day of April, 1924, upon which date he died. Under the

policy of insurance the stepmother, Ida P. Price, was the beneficiary of $5,000.00 of the $10,000.00 war risk insurance and she is now drawing her allowance $28.75 per month and has been since the death of Arthur Price on October 3, 1918.

There is no dispute as to her interest and rights in the policy and they are not being litigated in these proceedings.

The remaining installments have been commuted and paid to E. H. McConnell, the duly appointed administrator of the estate of the deceased soldier, Arthur Price. There is in the hands of the administrator the sum of $3,927.00.

W. H. Price, the father of the soldier, was twice married. By the first marriage the following children were born: R. N. Price, John Price, George Price, W. T. Price, Susan P. Catron, *nee* Price, and Mary Spears, *nee* Price. Mary Spears is dead and she left surviving her the following children: James Spears, Dock Spears, Idna Spears, Linnie Spears and George Spears. W. H. Price, by his second marriage, left surviving him: Earl W. Price, Robert C. Price and Ellen V. Price, children, and Ida P. Price, his widow.

The administrator of the deceased soldier brought this suit asking the court to direct him to whom to pay the fund in his hands.

The appellant is the widow of W. H. Price, deceased, who was the father of Arthur Price, deceased, the soldier. The decree complained of says: "The commuted value of the insurance of Arthur Price payable to his father at the death of W. H. Price passed under the laws of the United States to the heirs of Arthur Price deceased as defined by the laws of Virginia." Under this decree appellant gets no part of the funds in controversy and her children only receive one-half each

as much as each child of the former marriage of her husband. The Federal statute provides that the commuted value "shall be paid to the estate of the insured." There is nothing said as to "heirs." The amount in this case was paid to the estate of the insured, viz, to the administrator of his estate. The question presented is: "Are the distributees or heirs of the estate to be determined as of October 3, 1918, the date of the death of the insured, Arthur Price, or as of April 24, 1924, the date of the death of W. H. Price, the beneficiary?" Code section 5273 fixes the heirs as of the date of the death of the party whose estate is to be distributed. Under these circumstances, and the facts narrated, the court decreed: "On consideration whereof the court being of opinion that the commuted interest of the insurance of Arthur Price payable to his father, at the death of W. H. Price, passed under the laws of the United States to the heirs of Arthur Price, deceased, as defined by the laws of Virginia that of the thirty-nine hundred and twenty-seven ($3,927.00) dollars commuted value of said insurance, after the payment of costs of distribution, commission of the administrator, the costs of this suit and attorney fee allowed for bringing the suit, that R. N. Price is entitled to two-fifteenths, George Price to two-fifteenths, Susan Ketron to two-fifteenths, John Price to two-fifteenths, W. T. Price to two-fifteenths; that the heirs of Maggie Speer are entitled to two-fifteenths jointly; that Earl W. Price is entitled to one-fifteenth, Ellen V. Price to one-fifteenth and Robert C. Price to one-fifteenth; that John Price has been paid $295.56; that Earl W. Price has been paid $147.60; that Ellen V. Price has been paid $147.60; that Robert C. Price has been paid $147.60; that in making distribution the amounts paid each party be charged to each one so

paid, the intention of this decree being to equalize all of the heirs of Arthur Price in the fund of $3,927.00 commuted as aforesaid, the amount in the hands of E. H. McConnell for distribution being $3,184.64 for distribution deducting, however, from said sum the costs of administration, the costs of this suit including an attorney fee to S. H. Bond, attorney for the plaintiff, of $35.00; that the plaintiff pay out of the fund the costs of the plaintiff in this cause and will pay to W. H. Nickels, guardian *ad Litem* of W. T. Price, a *non compos mentis*, and the Speer heirs the sum of $25.00 as and for his fee for representing these parties in this suit deducting same from their part of the funds. And this cause is stricken from the docket."

There are two assignments of error—

1. The court erred in holding that the distributees, or heirs, of the estate of the soldier, Arthur Price, were determined as of the date of the death of his father.

2. The court erred in holding that the petitioner was not entitled to anything.

It may be well to state here that the decree of the trial court designating the heirs of Arthur Price does not determine them as of the date of the death of the beneficiary (the father), but this question will be further discussed when we come to discuss the decree itself.

The rights of the parties in this case are determined by the World War Veteran's act, section 303, 38 U. S. C. A. section 514, and the statute of descents and distributions in Virginia.

Section 303 of the World War Veteran's act as amended by act of Congress March 4, 1925, section 14 (38 U. S. C. A. section 514), appears in the margin. *

* "If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament, or if the designated beneficiary does not

■ We think it is too well settled to admit of argument that the heirs and distributees of any decedent are determined as of the death of the decedent. This being true the heirs and distributees of Arthur Price entitled to the funds in the hands of his administrator are those who would have taken the estate at the date of his death had it not been for the life estate in these funds by the beneficiary, and section 303, of the World War Veteran's act, 38 U. S. C. A. section 514, plainly makes the remaining unpaid installments the estate of the soldier, Arthur Price. It follows that these installments should be distributed among his heirs and distributees as of the date of his death, which in this case, after the death of his father, the beneficiary, were his brothers and sisters, those of the whole blood taking two parts and those of the half blood taking one part each, as provided by the statute of descents and distributions of Virginia.

■■ W. H. Price, the beneficiary, took no vested interest in the unpaid installments of this insurance. See *White* v. *United States*, 270 U. S. page 175, 46 S. Ct. 274, 70 L. Ed. 530; *Cassarello* v. *U. S.* (D. C.) 271 Fed. page 486; *Horst* v. *U. S.* (D. C.) 283 Fed. page

survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: *Provided,* That all awards of yearly renewable term insurance which are in course of payment on the date of the approval of this act shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this act. When any person to whom such insurance is now awarded dies or forfeits his rights to such insurance then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: *Provided further,* That no award of yearly renewable term insurance which has been made to the estate of a last surviving beneficiary shall be affected by this amendment: *Provided further,* That in cases when the estate of the insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall be paid to the United States and be credited to the military and naval insurance appropration. This section shall be deemed to be in effect as of October 6, 1917."

600; *Gilman Heiro* v. *U. S.* (D. C.) 290 Fed. page 614; *Helmholz* v. *Horst* (C. C. A.) 294 Fed. page 417, and cases cited. The unpaid installments of insurance after the death of W. H. Price, the beneficiary, became under the act of Congress the estate of Arthur Price, the insured, to be distributed among his heirs of the permitted class as designated by the war risk insurance act. (Act Cong. October 6, 1917, chapter 105, section 402, as amended by act Cong. June 25, 1918, chapter 104, section 21 [40. Stat. 615] ). See *Palmer* v. *Mitchell*, 117 Ohio St. 87, 158 N. E. 187, 55 A. L. R. 566.

█ Insured had the right to change the beneficiary without the consent of the beneficiary, and Congress had the right to say, as it has said, where the unpaid installments, after the death of the beneficiary, shall go. Congress has said that the remaining unpaid installments shall be payable to the estate of the insured—in this case, Arthur Price's estate (the soldier). See *Cassarello* v. *United States* (D. C.) 271 Fed. 486.

The views above expressed are in conformity with the contention of the appellee and with the decree of the court heretofore quoted.

█ It seems to be conceded by the appellant that under the Virginia statute the heirs at law and distributees of Arthur Price, the soldier, are determined as of the date of the death of Arthur Price, but, as heretofore stated, they insist that the court held by its decree that the heirs and distributees of the estate of Arthur Price were determined as of the date of the death of the father, the beneficiary. A careful consideration of the decree of the court does not justify this conclusion, and we are of opinion that the heirs at law of the insured are to be determined at the date of his death, and that they, after the life estate of the

beneficiary, W. H. Price, are entitled to the undistributed installments of insurance. This being true, the decree of the court, making distribution, is correct, and Ida P. Price, who is at present and has since the death of her stepson been drawing installments on her one-half interest in the policy, is not entitled to any part of the distribution of this estate of her stepson, Arthur Price.

We, therefore, affirm the decree of the Circuit Court of Scott county.

*Affirmed.*