# Staunton

E. H. STACY v. H. W. CULBERTSON, ADMINISTRATOR OF
THE ESTATE OF BRUCE STANLEY, DECEASED,
AND WILLIAM S. STANLEY.

September 17, 1931.

.Present, Prentis, C. J., and Campbell, Holt, Epes and Gregory, JJ.

The opinion states the case.

*Will H. Nickels,* for the appellant.

*J. M. Quillin, Jr.,* for the appellees.

PRENTIS, C. J., delivered the opinion of the court.

These are the facts of this case: Bruce Stanley, a United States soldier, was killed in action in France in 1918. He had $5,000.00 war risk insurance, and had designated his wife, Lula Stanley, and his father, William S. Stanley, as equal beneficiaries thereunder. Each of his beneficiaries received the monthly instalments due until the death of the widow of the soldier, when, of course, the payments to her ceased, but the other beneficiary, William S. Stanley, the father of the deceased soldier, has continued to receive the monthly instalments due him as beneficiary under the policy.

The widow of the soldier married the appellant, E. H. Stacy, and died July 29, 1927, intestate, without issue of either marriage, so that her sole distributee under the statute in force at her death is her surviving husband, E. H. Stacy.

After the death of the soldier's widow, Lula Stanley Stacy, the appellee, Culbertson, qualified as administrator of Bruce Stanley, the soldier, and has for distribution $1,591.46, derived from the war risk insurance policy, and which represents the commuted value of the balance thereof which had she not died would have been paid to the soldier's widow, as one of the two equal beneficiaries. The sum being claimed both by the appellant, Stacy, as surviving husband of the soldier's widow and by William S. Stanley,

the soldier's father, this suit was brought by the administrator for the purpose of settling the controversy.

The act of Congress, as amended, provides that instalments of war risk insurance remaining unpaid at the death of a beneficiary become the estate of the deceased soldier. World war veteran's act, section 14 of the amendment of March 4, 1925 (Ch. 553, 43 Stat. at Large 1310, U. S. C., Tit. 38, section 514 [38 U. S. C. A. section 514]), to section 303 of the act of June 7, 1924. Cases controlled by the statute in effect before this amendment are irrelevant in this case. 55 A. L. R. 594, 597.

■ The death of one of the beneficiaries, the widow, did not affect the right of the other, the father, as beneficiary, and we are here concerned only with the fund in the hands of the administrator as the estate of Bruce Stanley, the deceased soldier, who died intestate, without issue.

The Virginia statute of distributions effective in 1918 when he died controls. Under that statute, his sole distributees then entitled to his estate were his widow and his father, equally. Code, 1904, sections 2548, 2557.

The trial court held that the soldier's father, William S. Stanley, was his sole distributee. This appeal followed.

■ The fund constitutes undistributed estate of Bruce Stanley, the deceased soldier. His distributees must be determined as of the date of his death in 1918. 55 A. L. R. 596, note. As he died intestate and without issue, his distributees under the statute then effective were his father, William S. Stanley, and his widow, then Lula Stanley. She then had a vested interest in and title to one-half of her deceased husband's personal estate, then or thereafter realized, not otherwise disposed of. The fund now held by the administrator is such estate under section 303, war veterans' act, as amended.

In *Price* v. *McConnell*, 153 Va. 567, 149 S. E. 515, it

appears that the beneficiary (father of the deceased soldier) died before the amendment of March 4, 1925, and therefore Ida B. Price, his widow, was held not to be entitled, because not within the class then permitted to share in the distribution.

Among the many other cases construing the amended statute as we now construe it are, *Palmer* v. *Mitchell*, 117 Ohio St. 87, 158 N. E. 187, 55 A. L. R. 566; and *Woodworth* v. *Tepper*, 152 Md. 332, 136 Atl. 536, 55 A. L. R. 578, a case in which the beneficiary, the soldier's mother, having received part of the fund as beneficiary, then (as here) died, and presented a question similar to that here presented. His mother, under the Maryland statute being his sole distributee at the time of his death, her estate ultimately received the balance of the fund for distribution by the personal representative of the deceased soldier.

*In re Singer* (1927), 192 Wis. 524, 213 N. W. 479, 480, it was held that upon the death of the mother of insured, who had been named beneficiary, the father of insured could not take as sole heir of insured, which he would have been had the mother died before the insured, but that the estate of the insured soldier was to be determined as of the date of his death, thereby entitling the heirs of the mother to share in the fund, she being entitled to one-half of her son's estate under the Wisconsin statute. Among other things, this is said: "The intention of the law-making power must be ascertained from the language used to express that intention, and it is when the language used is uncertain, indefinite, or ambiguous, that resort may be had to construction. Here the language of the act is perfectly plain—the remainder of the fund is to be paid to the estate of the deceased; hence, there is no room for the application of rules of construction. The intention of the law-making power is that which is found clearly expressed in the language of the act. Immediately upon the death

of the insured, the title to his estate vested in his heirs. * * * When this sum was paid to the administrator under the law, it must be distributed to his heirs as of the date of his death. The mother having had a vested right to one-half of the estate, that right upon her death vested in her heirs, so that the trial court correctly held that the estate should be distributed, one-half to the father, Alex Singer, and one-half to the sisters and brother, as representatives of their deceased mother."

Applying these precedents to this case, it is clear that the circuit court erred in directing the entire fund for distribution to be paid to William S. Stanley, father of Bruce Stanley. The fund being a part of the estate of Bruce Stanley should be paid to those who would have been entitled to it at the time of his death, and their successors in title. At that time his distributees were his father and his widow, entitled in equal proportions. It follows, therefore, that William S. Stanley has only the right to one-half of the fund now to be distributed, and the appellant as the surviving husband and sole distributee of the soldier's widow, is entitled to the other half thereof.

The decree will, therefore, be reversed. A decree in accordance with this opinion will be entered here and the case remanded for such further proceedings, if any, as may be necessary.

*Reversed and remanded.*