(No. 20912.—

LOUIS SCHMIDT, Plaintiff in Error, *vs.* SAMUEL DUPUIS, Defendant in Error.

*Opinion filed April 23, 1932.*

JAMES G. MCHALE, and ERNEST R. MCHALE, for plaintiff in error.

L. N. NICK PERRIN, JR., and LEROY F. PERRIN, for defendant in error.

Mr. JUSTICE JONES delivered the opinion of the court:

The circuit court of St. Clair county ordered the Belleville Bank and Trust Company, administrator of the estate of Herman Schmidt, deceased, to pay the entire net proceeds of the estate to Louis Schmidt, Herman's father. The Appellate Court, upon appeal of the cause, found that Schmidt is entitled to one-half of the estate and Samuel Dupuis is entitled to the other half. It reversed the decree of the circuit court and remanded the cause, with directions that an order be entered in conformity with said finding. The cause is here on *certiorari.*

The controversy between the parties is whether under the act of March 4, 1925, (38 U. S. C. A. sec. 514,) the defendant in error is entitled to one-half of the estate.

Herman Schmidt, a soldier in the army of the United States during the World War, died in that service in 1918. He was unmarried and held a certificate of war risk insurance issued under the act of Congress of October 6, 1917, payable to his mother as designated beneficiary, in two hundred and forty monthly installments. He was the son of Louis and Ellen Schmidt and they were his only heirs. They were afterwards divorced and she married Samuel Dupuis, the defendant in error. She received the monthly installments payable on the certificate of insurance until her death, in 1928. Then, in accordance with the War Risk Insurance act, as amended by the act of March 4, 1925, the present value of the installments thereafter payable was paid to the Belleville Bank and Trust Company, administrator of the deceased soldier's estate. It amounted to $5887. At the expiration of a year the administrator presented its account showing $5370.25 for distribution, and the probate court ordered the amount paid, one-half to Louis Schmidt, the soldier's father, and one-half to the estate of his mother, Mrs. Dupuis. An appeal was taken to the circuit court by Schmidt.

The case is governed by section 514 which has been mentioned. This section provides that if the beneficiary designated by the insured does not survive him, or survives him and dies before receiving all the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable. There is no qualification, applicable to this case, of this provision and it seems scarcely to call for construction. It has, however, been thought to need construction, and accordingly suits have been brought in various courts and judgments have been rendered, some of which cases have been collected in

volume 55 of the American Law Reports, beginning at page 566. These cases are *Palmer* v. *Mitchell*, 117 Ohio St. 87, *In re Pivonka*, 202 Iowa, 855, *Williams* v. *Eason*, 114 So. (Miss.) 338, and *Woodworth* v. *Tepper*, 152 Md. 332. A full annotation, beginning on page 580, is given on the subject of war risk life and disability insurance. The decisions recognize that the Congress has power to change the beneficiaries to whom the installments shall be paid, as in the case of *White* v. *United States*, 270 U. S. 170. The certificates were expressly made subject to the provisions of the act of 1917 and of any amendment thereto and of all regulations then in force or afterward adopted. The act of 1925 requires the payment of the present value of all future installments not due at the death of the beneficiary to be made to the estate of the insured, without any limitation or any direction for any further payment or distribution. The act of October 6, 1917, made the remaining installments after the death of the designated beneficiary payable to persons within the permitted class of beneficiaries designated in the will of the insured, or, in the absence of such designation, to such persons as would be entitled under the laws of the State of the residence of the insured in case of intestacy. In the amendment of March 4, 1925, the limitation of payment to those within the permitted class was omitted, and instead payment was directed to be made to the estate of the insured of the present value of the monthly installments thereafter payable. The decided cases hold that those entitled to the insurance paid to the estate of the soldier must be determined as of the date of his death. To the cases already cited may be added *Robbins' Petition*, 126 Me. 555; *In re Ogilvie*, 291 Pa. 326; *In re Smallwood*, 156 Tenn. 222; *Battaglia* v. *Battaglia*, 290 S. W. (Texas) 296; *In re Singer*, 192 Wis. 524; *National Union Bank* v. *McNeal*, 148 S. C. 30; *In re Dempster*, 247 Mich. 459; *Branch Banking and Trust Co.* v. *Brinkley*, 196 N. C. 40; *McDaniel* v. *Sloan*, 157 Tenn. 686.) We do not agree

with the reasoning or the conclusion of *Sutton* v. *Barr*, 219 Ky. 543, which takes a different view.

The present value of the installments was properly paid to the administrator of the soldier's estate on the death of his mother. It became a part of his estate, to be distributed among his heirs as of the date of his death. On that date his only heirs were his father and mother, and each was entitled to one-half thereof, subject to the payment of claims allowed and costs of administration. The mother having died, her share must be paid to her personal representative. Upon final settlement of her estate Samuel Dupuis will be entitled to all her personal estate left after the payment of claims against her estate and the costs of administration. (Cahill's Stat. 1931, chap. 39, sec. 1.) The amount of such debts, claims and costs can be ascertained only by administration upon her estate. This will require the appointment of an administrator, and he is the only proper person to receive and account for the assets, pay the liabilities and distribute the balance.

Whether or not Dupuis comes within the permitted class of beneficiaries designated by the War Risk Insurance act is unimportant in this case. His rights, if any, are derived not by virtue of anything contained in that act but are dependent solely upon the provisions of the Statute of Descent of this State. He inherits from his deceased wife and not as a beneficiary under the policy of insurance issued to her soldier son. The net fund for distribution should be divided, one-half to Louis Schmidt and the other one-half to the administrator of the estate of Ellen Schmidt Dupuis.

The judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court, with directions to enter an order of distribution agreeable to the views herein expressed.

*Reversed and remanded, with directions.*