# Staunton

MINNIE ANN BROOKS V. AARON RUSS, ADMINISTRATOR, ETC.

September 22, 1932.

Present, All the Justices.

The opinion states the case.

*S. M. B. Coulling*, for the appellant.

*Robert O. Crockett*, for the appellee.

HUDGINS, J., delivered the opinion of the court.

William H. Cole, a soldier in the World War, died in France on October 28, 1918, unmarried and intestate, leaving surviving him his father, William Cole, his mother, Rhoda Cole, a sister, Minnie Ann Brooks, and a half-brother, Frazier Sayres, an illegitimate son of Rhoda Cole who was never acknowledged by William Cole as his child. William H. Cole, the soldier, designated his mother the beneficiary in his War Risk insurance policy of $10,000. She received the monthly installments due thereon until her death in 1923; thereafter, and until his death in 1929, the father, William Cole, received the monthly installments. After the death of William Cole the computed value of the policy was $5,516, which was paid to Aaron Russ, as administrator of the deceased soldier. A dispute arose between the sister and the half-brother as to the payment of this sum, and thereupon the administrator filed a bill, praying that a court of equity direct him in the distribution of the sum named.

The trial court held that under the statutes and the decision in *Price* v. *McConnell*, 153 Va. 567, 149 S. E. 515, the sister was entitled to two-thirds and the half-brother to one-third of the fund. From this decree an appeal was allowed the sister.

The determination of this case is controlled by the decision in *Stacy* v. *Culbertson*, 157 Va. 258, 160 S. E. 50, wherein it is held that the vested right of the distributee of the estate of the deceased soldier was not affected by the fact that such distributee died before the estate was finally administered, and that such distribution should be made to

those who would have been entitled to it at the date of his death, and their successors in title.

At the time of the death of the soldier, William H. Cole, his father was his sole distributee. The father's only successor in title is his daughter, Minnie Ann Brooks, who is entitled to the whole fund, to the exclusion of the half-brother, Frazier Sayres.

The decree of the trial court is reversed, with the direction that a final order be entered directing the administrator to pay the entire sum to Minnie Ann Brooks.

*Reversed.*