(No. 22925.

Halbert O. Crews, Admr., Appellant, *vs.* C. Lundquist, Appellee.

*Opinion filed June 14, 1935—Rehearing denied October 8, 1935.*

194

LEVINSON, BECKER, PEEBLES & SWIREN, (DON M. PEEBLES, and DAVID FISHER, of counsel,) for appellant.

ANDERSON & ANDERSON, and ROBERT E. KINNARE, (A. C. LINENTHAL, of counsel,) for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This cause comes on appeal of Halbert O. Crews, public administrator of Cook county, seeking review of an order of the circuit court sustaining the order of the probate court of Cook county denying a certain item of fees of appellant as administrator of the estate of Andrew E. Swanson, deceased. The sole question presented is the constitutionality of section 133 of the Administration act, as amended in 1933. Smith's Stat. 1933, p. 101.

The case is made up as an agreed case, in conformity with Rule 48 of this court. The cause arises on an objection to appellant's report, as administrator, by C. Lundquist, appellee, the consular agent of the Swedish government in Chicago, who by virtue of the treaty in force between Sweden and the United States is entitled to represent

citizens of Sweden in matters affecting their interest in this jurisdiction. Under the practice obtaining in the probate court of Cook county the appellee obtained from that court an order granting him leave to receive the distributive shares of residents and citizens of Sweden who are heirs of said Swanson and to distribute such moneys to those heirs. His objection to the approval of the account of appellant goes only to the allowance of appellant's claimed credit for administrator's fees and commissions in the sum of $70. Objection was also filed to the sum of $50 paid to counsel for appellant as administrator of Swanson's estate. This objection was overruled, and the propriety of that ruling is not questioned. The objection to allowance of fees and commissions was sustained under the section of the Administration act above referred to. That section, in so far as material here, provides that "no fees, charges or other compensation shall be allowed public administrators for services performed in administering that part of the personal estate of any United States war veteran, which consists of compensation, insurance or other moneys due or payable from the United States government because of such veteran's war service." The deceased, Andrew E. Swanson, was a veteran of the World War. His estate consisted solely of a sum of money received from the government of the United States as war risk insurance.

The bases of appellant's attack on the amendment to section 133 of the Administration act are three: (1) That it violates the constitutional prohibition of section 22 of article 4 of the constitution of Illinois against local or special legislation, in that it discriminates, without reasonable basis therefor, between public and other administrators; (2) it violates section 11 of article 9 of the constitution of Illinois, prohibiting a decrease in the fees of a municipal officer; and (3) it creates a form of involuntary servitude in situations where the county or probate court is required

to appoint the public administrator as administrator of an estate of the character here involved.

The first question, then, is whether there is reasonable basis for the classification of public as distinguished from other administrators regarding their right to receive fees for services in administering such portion of the estate of a deceased veteran of the World War as consists of moneys received from the government representing war risk insurance. Section 14 of chapter 38 of the United States Code Annotated, relating to the payment of war risk insurance, is in part as follows: "If no person within the permitted class be designated as beneficiary for yearly renewal term insurance by the insured, either in his lifetime or by a last will and testament, or if the designated beneficiary does not survive the insured or survives the insured, and dies prior to receiving all of the 240 installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of the payment made under any existing award." Under this act of Congress, where a World War veteran dies leaving a policy of war risk insurance payable from the United States government in which he shall designate a specific beneficiary, insurance is payable to that beneficiary in 240 monthly installments. Under the section quoted, if the beneficiary die prior to receiving all the 240 installments, the unpaid installments are then payable to the estate of such deceased veteran. (*Schmidt* v. *DuPuis,* 348 Ill. 237; *Singleton* v. *Cheek,* 284 U. S. 493.) No surviving beneficiary appears to have been named by Swanson.

Appellant's counsel argue that since the public administrator, when appointed, functions, as any other administrator, under the orders of the probate court, there is no reasonable basis for discriminating against him and in favor of other administrators in the matter of fees to which he is entitled. It is also argued that section 133 discrim-  .

inates between the estate of such deceased World War veteran administered by individual administrators and those administered by the public administrator, in that the former is diminished to the extent of such administrator's fees while the latter is not. As to this argument it is sufficient to say that the objection, if it exists, is not one available to appellant, since he is not in any way aggrieved by such operation of the act. (*People* v. *Diekmann,* 285 Ill. 97.) In considering the reasonableness of the classification made by the General Assembly, courts will not attempt to assert their judgment on that matter as against the judgment of the General Assembly, nor refuse to uphold legislation merely on the ground that their judgment in this regard differs from that of the General Assembly. An act of the General Assembly is not to be regarded as class legislation merely because it affects one class and not another, provided it affects all members of the same class alike. Classification of persons or objects for purposes of legislative regulation is not open to constitutional objection if it be not arbitrary but is based upon some substantial difference bearing proper relation to the classification. (*Lueth* v. *Goodknecht,* 345 Ill. 197.) The corollary of this rule is, however, that the mere fact of classification is not sufficient. There must be a sound basis in reason and principle for regarding one class of individuals as a distinct and separate class for purposes of the particular legislation. *Phillips* v. *Browne,* 270 Ill. 450; *People* v. *Brady,* 262 id. 578; *People* v. *Nellis,* 249 id. 12; *Connolly* v. *Union Sewer Pipe Co.* 184 U. S. 540.

Is there, then, a reasonable basis for the classification of public as distinguished from the other administrators in the matter of fees recoverable in this class of cases? In *Ramsay* v. *VanMeter,* 300 Ill. 193, the question was whether a public administrator is a State officer and so subject to removal by the Governor before the termination of the term for which he was appointed. In the consid-

eration of that question it was there pointed out that the right to distribute and to control the distribution of an intestate's property is in the State, and the General Assembly may make any provision for such distribution that it sees fit. Where the administration and distribution of the estate of deceased persons may not be had under those provisions of the statute giving the right of administration to the widow, heirs or creditors, but are, under the statute, to be done by the public administrator, he acts as a public officer and his duties concern the State at large or the general public. In so acting he is discharging a function of government. On the other hand, another administrator appointed under other pertinent provisions of the Administration act acts in a private capacity for private persons and is not an officer within the legal definition of that term. In the case of administration by a private person the State has waived the right to administer the estate and is no longer interested therein. It will be seen, therefore, that the administration of an estate of a deceased person by a public administrator is the discharge of a governmental function in which the public administrator acts for the State. There is thus a marked distinction in the basis and purpose of the service rendered, though the method was the same.

As was pointed out in *Ramsay* v. *VanMeter, supra,* the public administrator, under our statute, occupies a position very different from that of the private administrator and is undoubtedly an officer. Other distinctions may be drawn. A private administrator is appointed by the court; a public administrator is also a State officer appointed by the Governor. While he takes an oath of office to administer the particular estate, as does a private administrator, he also is required to take a general oath of office. He is appointed administrator only in certain cases, and in those his appointment is required by statute. He may be required to file a bond as required of other adminis-

trators. Under section 50 of the Administration act he is required to protect a certain class of estates prior to the granting of letters of administration to others, and he is entitled to fees for such services. While he, when appointed in a specific case, acts under the orders of the probate court, as other administrators act, yet as such public officer he enjoys certain privileges not enjoyed by private administrators and is under certain duties not required of such other administrators. We are of the opinion that sound and reasonable basis exists for the classification of public as distinguished from other administrators in the section of the Administration act complained of, and that this contention of appellant cannot be sustained.

Concerning appellant's contention that section 133 of the Administration act diminishes his fees and compensation during his term of office, contrary to section 11 of article 9 of the constitution, counsel for appellant say that a public administrator comes within the class of officers known as municipal officers, and is therefore within section 11 of article 9 of our constitution. The pertinent provisions of this section are as follows: "The fees, salary or compensation of no municipal officer who is elected or appointed for a definite term of office shall be increased or diminished during such term." In support of counsel's contention that a public administrator is a municipal officer they cite *Wolf* v. *Hope,* 210 Ill. 50, and *County of Cook* v. *Sennott,* 136 id. 314. In *Wolf* v. *Hope* the question was whether a judge of a city court is a municipal officer, and in holding him to be such this court said: "In our judgment the provision quoted from section 11 of article 9 of the constitution was intended to include all officers not specifically mentioned in other provisions of the constitution, occupying offices created by the laws of the State in and for any of the political subdivisions of the State, and within the meaning of that section the judge of a city court is a municipal officer." In *County of Cook* v. *Sennott,*

*supra,* the question was whether the compensation of a clerk of the probate court could be increased or diminished during his term of office, and it was held that the office is within the spirit of the constitutional prohibition against such change. It will be observed that the officers included within the term "municipal officers," as held in the *Wolf case,* are those occupying offices created by the laws of the State "in and for any of the political subdivisions of the State." No case is cited holding that a public administrator is a municipal officer. On the contrary, it was held in *Ramsay* v. *VanMeter, supra,* that while he is appointed in the county he is a State officer, in that he is acting for the State under its inherent powers to distribute and control the distribution of an intestate's property under such conditions as require the appointment of a public administrator. He is not an elected or appointed official of any municipal or county government or subdivision thereof. Though it be conceded that the effect of the act complained of is to diminish appellant's fees as public administrator during the term of his office, which we do not decide, still section 11 of article 9 does not apply to public administrators. No other provision of the constitution is relied upon to support this contention. We are of the opinion that such contention cannot be sustained.

Appellant's third point is, that to require him to discharge the duties of administrator in a case such as before us is to create a form of involuntary servitude, in violation of the thirteenth amendment to the constitution of the United States. That amendment declares that neither slavery nor involuntary servitude shall exist. Involuntary servitude has been correctly defined as "the condition of one who is compelled by force, coercion or imprisonment and against his will to labor for another whether he is paid or not." (Black's Law Dict.) The thirteenth amendment was adopted to correct conditions existing in this country at the time of its adoption and was intended to cover those

forms of compulsory labor akin to African slavery which tended to produce undesirable results. The language was taken from the language of the Ordinance of 1787 for the government of the Northwest territory. Yet neither in cases arising in the Northwest territory nor under the thirteenth amendment has it ever been held that services which the individual is by statute required to give to the State, either in his personal or official capacity, such as services in the army, militia, jury service, road building, and the like, come within the language of the thirteenth amendment. It is generally recognized that an individual may be required to give services to the State without compensation therefor. The broad purpose of this rule, which universally obtains in this country, is to render effective a government under which liberty of the citizen may be protected. *Butler* v. *Perry,* 240 U. S. 328, 60 L. ed. 672; *Slaughter House cases,* 16 Wall. 36, 21 L. ed. 394; *Jacobson* v. *Massachusetts,* 197 U. S. 11, 49 L. ed. 643.

Since the services of a public administrator are rendered in the discharge of a function of State government, it follows that to impose upon that officer certain duties without compensation therefor constitutes no violation of the thirteenth amendment of the constitution of the United States. It may be further observed that while 'the public administrator, if he accepts and retains the office, is under the act required to discharge certain duties for which he receives no compensation, yet there is nothing in the act which compels him to continue in service as public administrator when in his judgment the position is no longer profitable to him. He has the right at all times to resign the office. He may not be compelled to serve against his will. Counsel's contention in this behalf cannot be sustained.

The act is not open to the constitutional objections urged. The order of the circuit court is right and is affirmed.

*Order affirmed.*