# Richmond

## C. D. TERRY, ADMINISTRATOR, ETC. *v.* G. M. ROGERS, ADMINISTRATOR, ETC.

March 11, 1937.

Present, Campbell, C. J., and Hudgins, Gregory,
Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*James S. Kahle,* for the appellants.

*G. M. Rogers* and *Whitehead & Marshall,* for the appellee,
G. M. Rogers.

*Claude R. Wood* and *John B. Boatwright,* for the appellees.

BROWNING, J., delivered the opinion of the court.

Samuel R. Taylor departed this life intestate, unmarried, a legal resident of the county of Buckingham, Virginia, while in the active service of the United States Navy.

He carried a War Risk Insurance policy, issued by the United States Government, in the sum of $10,000. In this policy the insured designated his father, C. I. Taylor, as his sole beneficiary. The soldier died on September 30, 1918. The beneficiary, C. I. Taylor, was paid under the policy monthly installments of $57.50, from the time of the death of the insured until July 29, 1920, the beneficiary having died, testate, on July 28, 1920. From July 30, 1920, to March 29, 1934, monthly installments of $23.00, under the policy, were awarded to Talmage P. Taylor, a full brother of the insured, which payments were discontinued on the latter date, because Talmage P. Taylor died on March 24, 1934. Monthly installments were also paid, under the policy, after the death of C. I. Taylor, under the award, to two half brothers and a half sister of the insured, named, respectively, Charles R. Taylor, William A. Taylor and Maggie E. Giannotti (*nee* Taylor), of $11.50 each, which they are now receiving.

C. D. Terry was appointed administrator of the estate of Talmage P. Taylor, deceased, and G. M. Rogers was appointed administrator of the deceased soldier, Samuel R. Taylor. Both personal representatives are from the county of Buckingham, Virginia.

Upon the death of the full brother of the insured, Talmage P. Taylor, the remaining installments which would have been paid to him, had he lived, were commuted and the commutation sum of $1,152.00 was paid to G. M. Rogers, administrator of the insured, under the provisions of section 303 of the World War Veterans' Act of 1924, as amended by Act of March 4, 1925, § 14 (38 U. S. C. A. § 514).

The administrator, G. M. Rogers, instituted suit in the Circuit Court of Buckingham county praying its guidance and direction in the distribution of the fund which had come into his hands as such administrator. All persons in interest were made parties defendant to the bill filed in the suit,

including Frances M. Taylor, the widow of Talmage P. Taylor, deceased, and Margie E. Taylor, the infant daughter of Talmage P. Taylor and Frances M. Taylor.

The fund was claimed by G. M. Rogers, administrator of the insured, as the property of the devisees under the will of C. I. Taylor, he being the sole heir at law of the soldier at his (the soldier's) death.

The fund is also claimed by C. D. Terry, administrator of Talmage P. Taylor, as the property of the estate of the deceased soldier, not to be administered under the will of C. I. Taylor but to be distributed as the unadministered estate of Samuel R. Taylor, in which event the widow and child of Talmage P. Taylor would receive the share of the husband and parent.

The transition of war risk insurance from the deceased insured's beneficiary who dies before the distribution of the entire fund has been a subject of much contention and litigation. The reports of the appellate courts, federal and state, including the Supreme Court of the United States teem with the cases.

The trial court in this case decreed that the fund in controversy passed under the will of C. I. Taylor, the father of the insured, he being his sole heir, under the statute of descents and distributions of Virginia, at the time of the death of the soldier, and in consequence must be paid to L. E. Williams, executor of C. I. Taylor, deceased.

Samuel R. Taylor died in 1918, intestate and without issue, his distributee under the statute then effective was his father, C. I. Taylor. His father died, as has been stated, in 1920, testate.

In their construction of the federal statute applicable in cases of this kind the courts, state and federal, including the United States Supreme Court are in practical unanimity.

The statute is the Act of March 4, 1925, chapter 553, 43 Stat. at L. 1302, 1310, § 14, U. S. C. Title 38, § 514 (38 U. S. C. A. § 514), which amended 303 of the World War Veterans' Act of 1924 (which had in turn amended and modified the preceding acts). It is as follows:

"If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the *estate of the insured* the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, that all awards of yearly renewable term insurance which were in course of payment on the date of the approval of this Act [March 4, 1925], shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this Act [chapter]. When any person to whom such insurance was awarded prior to such date dies or forfeits his rights to such insurance then there shall be paid to the *estate of the insured* the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: Provided further, that no award of yearly renewable term insurance made to the estate of a last surviving beneficiary prior to March 4, 1925, shall be affected by this amendment [the foregoing provision]. In cases when the estate of an insured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917."

. The Supreme Court of the United States in the comparatively recent case of *Singleton* v. *Cheek*, 284 U. S. 493, 52 S. Ct. 257, 259, 76 L. Ed. 419, 422, 81 A. L. R. 923, said of the effect of this amendment:

"The amendment, in express terms, was made retroactive so as to take effect as of October 6, 1917, a provision undoubtedly within the power of congress, for the reasons stated by this court in *White* v. *United States*, 270 U. S. 175, 46 S. Ct. 274, 70 L. Ed. 530.

"By that amendment, the rule, which, upon the happening

of the contingencies named in the prior acts, limited the benefit of the unpaid installments to persons within the designated class of permittees, was abandoned, and 'the estate of the insured' was wholly substituted as the payee. All installments, whether accruing before the death of the insured or after the death of the beneficiary named in the certificate of insurance, as a result, became assets of the estate of the insured as of the instant of his death, to be distributed to the heirs of the insured in accordance with the intestacy laws of the State of his residence, such heirs to be determined as of the date of his death, and not as of the date of the death of the beneficiary. The State courts, with almost entire unanimity, have reached the same conclusion."

The award to Talmage P. Taylor before the repeal of the Act (June 7, 1924) was only of *monthly installments*, and gave him no right to, or vested interest in, payments accruing after his death.

When Samuel R. Taylor died in 1918, his father, C. I. Taylor, was his sole heir and distributee, and upon the instant of his death became seized of a vested interest in all his estate, real and personal, whether then in existence or thereafter to be realized. And this is so as to the money in controversy, notwithstanding the fact that the law which gave it to him, by decreeing that unpaid monthly installments should be commuted and paid to the estate of the insured, had not at that time been passed. When it was passed it was made retroactive, and spoke as if it had been in existence when Samuel R. Taylor died. Since C. I. Taylor had then, at the time of his death, this vested interest in the money in controversy, it passed under his will, and must be paid to L. E. Williams, his executor.

From our own court is the case of *Stacy* v. *Culbertson*, 157 Va. 258, 160 S. E. 50, which construed the same statute and which is controlling here.

In 55 A. L. R. 596 is a very full and illuminative note in which many cases are annotated that are pertinent here.

The case *In re Smallwood's Estate* (1927) 156 Tenn. 222, 300 S. W. 572, is one in which the facts are very similar to

the case in judgment and the holding was the same as that of the trial court here.

As was pointed out in the memorandum of the decision of the trial court, it was said in *Singleton* v. *Cheek, supra:*

"By that amendment, the rule, which * * * limited the benefit of the unpaid installments to persons within the designated class of permittees, *was abandoned,* and 'the estate of the insured' was wholly substituted as the payee."

We affirm the decree of the trial court.

*Affirmed.*