AKERS ET AL. D/B/A AKERS CLEANERS *v.* HANDLEY, GOVERNOR ET AL.

[No. 29, 573. Filed April 24, 1958. Rehearing denied June 2, 1958.]

---

*George Rose,* of Indianapolis, for appellants.

*Edwin K. Steers,* Attorney General, *Carl M. Francheschini,* Assistant Attorney General, and *Lloyd C. Hutchinson,* Deputy Attorney General, for appellees.

Bobbitt, J.—This case arises out of a suit for injunction, instituted by appellants, who employ five persons in the operation of their business, to prevent the

enforcement of the withholding provisions of the Gross Income Tax Act.[1] Appellants' petition for a temporary injunction was denied and this appeal followed.

Only one question is presented: Do the withholding provisions of the Act violate the provisions of the Thirteenth Amendment to the Constitution of the United States, and Article 1, §37 of the Constitution of Indiana[2] because they compel appellants to perform involuntary services for the State? No other question was discussed by appellants in oral argument or in the argument section of their brief, hence other questions raised by the motion for a new trial are waived.

The language of the Thirteenth Amendment, *supra*, stems from the ordinance of 1787[3] and it was first construed in *Slaughter-House Cases* (1873), 16 Wall. 36, 21 L. Ed. 394.

The term "servitude" as it appears in the Thirteenth Amendment means a "personal servitude," and its purpose was to forbid all conditions of any kind of *personal* slavery. *Slaughter-House Cases, supra* (1873), 16 Wall. 36, 69, 72, 21 L. Ed. 394, 406, 407; *Butler* v. *Perry* (1916), 240 U. S. 328, 60 L. Ed. 672, 36 S. Ct. 258.

Section 37 of Article 1 of the Constitution of Indiana was adopted for the same purpose and under the same conditions, relative to slavery and involuntary servitude, as was the ordinance of 1787. This being true, it would seem to follow that the word

---

1. Acts 1957, ch. 302, §1, p. 822, being §64-2617, Burns' 1951 Replacement (Cum. Supp.).

2. Article 1, §37 of the Constitution of Indiana provides, as does the Thirteenth Amendment of the Federal Constitution, that neither slavery nor involuntary servitude shall be permitted except as punishment of crimes whereof the party shall have been duly convicted.

3. *Bailey* v. *Alabama* (1911), 219 U. S. 219, 240, 55 L. Ed. 191, 31 S. Ct. 145.

"servitude" as it appears in §37, *supra,* also was intended to apply to "personal servitude" or any kind of personal slavery.

No case arising in the Northwest Territory or under the Thirteenth Amendment has ever held, "that services which the individual is by statute required to give to the state, either in his personal or official capacity, such as services in the army, militia, jury service, road building, and the like, come within the language of the Thirteenth Amendment." *Crews* v. *Lundquist* (1935), 361 Ill. 193, 201, 197 N. E. 768, 772. Nor do we believe that Article 1, §37 of the Constitution of Indiana prohibits these or like services when required by the State in its sovereign capacity.

In *Crews* v. *Lundquist, supra,* the Supreme Court of Illinois held that a statute which compelled public administrators to administer war veterans' estates without compensation, in certain cases, was not in conflict with the Thirteenth Amendment.

In *State ex rel. Arn* v. *State Comm. of Revenue and Taxation* (1947), 163 Kan. 240, 250, 181 P. 2d 532, the Supreme Court of Kansas held that a statute requiring vendors of motor fuel to collect motor fuel taxes without compensation, was not in violation of §6 of the Kansas Bill of Rights, which is similar to §37 of Article 1 of our Constitution. If a statute compelling the collection of motor fuel tax is not in violation of the Constitutional prohibition against slavery and involuntary servitude, then it would seem logically to follow that a statute compelling the collection or withholding of gross income tax by employers would not violate such provision.

The burden imposed upon appellants by the Act here in question is not one of personal servitude, but rather

one requiring of them and other persons similarly situated, the performance of certain services for the State as a public duty, in order to make the collection of the tax more uniform and thus render our State Government more effective in its efforts to avoid discrimination in the collection of gross income taxes. While not similar, yet it may be said to be in the nature of jury or military service as opposed to personal servitude.

In our opinion the withholding provisions of ch. 302 of the Acts of 1957 do not contravene any of the provisions of the Thirteenth Amendment to the Constitution of the United States or of Article 1, §37 of the Constitution of Indiana.

Appellants have failed to sustain their burden of showing the invalidity of the statute here in question, and the judgment of the trial court must be affirmed.[4]

Judgment affirmed.

---

4. Statutes involving various other taxes which require withholding or collection of tax due from others have been upheld in many States and by the United States Supreme Court.

See: *Rinn* v. *Bedford* (1938), 102 Colo. 475, 84 P. 2d 827; *Bedford* v. *Colorado Bank* (1939), 104 Colo. 311, 91 P. 2d 469 (affirmed (1940), 310 U. S. 41, 84 L. Ed. 1067, 60 S. Ct. 800); *Johnson* v. *Diefendorf* (1936), 56 Ida. 620, 57 P. 2d 1068; *Morrow* v. *Henneford* (1935), 182 Wash. 625, 47 P. 2d 1016; *Wiseman* v. *Phillips* (1935), 191 Ark. 63, 84 S. W. 2d 91; *Blauner's Inc.* v. *Philadelphia* (1938), 330 Pa. 342, 198 Atl. 889; *State ex rel. Rice* v. *Allen* (1938), 180 Miss. 659, 177 So. 763; *Heriot* v. *City of Pensacola* (1933), 108 Fla. 480, 489, 146 So. 654, 657; *Texas Co.* v. *State* (1927), 31 Ariz. 485, 254 Pac. 1060, 53 A. L. R. 258; *Monamotor Oil Co.* v. *Johnson* (1934), 292 U. S. 86, 93, 94, 78 L. Ed. 1141, 54 S. Ct. 575; *Rainier Nat. Park Co.* v. *Martin* (1937), W. D. Wash., 18 F. Supp. 481, 488 (affirmed (1938), 302 U. S. 661, 82 L. Ed. 511, 58 S. Ct. 478); *Allen* v. *Regents* (1938), 304 U. S. 439, 82 L. Ed. 1448, 58 S. Ct. 980; *Howes Bros. Co.* v. *Unemployment Comp. Comm.* (1936), 296 Mass. 275, 5 N. E. 2d 720; *Gillum* v. *Johnson* (1936), 7 Cal. 2d 744, 62 P. 2d 1037, 108 A. L. R. 595; *Beeland Wholesale Co.* v. *Kaufman* (1937), 234 Ala. 249, 174 So. 516; *Helvering* v. *Davis* (1937), 301 U. S. 619, 81 L. Ed. 1307, 57 S. Ct. 904, 109 A. L. R. 319.

Emmert, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 149 N. E. 2d 692.