(Nos. 21989, 21990.—

THE MICHIGAN MILLERS MUTUAL FIRE INSURANCE COMPANY, Appellant, *vs.* JOSEPH B. McDONOUGH, County Collector, Appellee.—THE CENTRAL MANUFACTURERS MUTUAL INSURANCE COMPANY, Appellant, *vs.* THE BOARD OF COMMISSIONERS OF THE COUNTY OF COOK *et al.* Appellees.

*Opinion filed December 17, 1934.*

WALTER F. DODD, CLARENCE W. GLOVER, and NICHOLAS S. KIEFER, for appellants.

THOMAS J. COURTNEY, State's Attorney, (WILLIAM H. SEXTON, Corporation Counsel, HAYDEN N. BELL, ROBERT S. CUSHMAN, PHILIP H. TREACY, LEON HORNSTEIN, JOSEPH F. GROSSMAN, and RUTH NELSON, of counsel,) for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The Michigan Millers Mutual Fire Insurance Company filed a bill of complaint in the circuit court of Cook county against Joseph B. McDonough, the treasurer and *ex-officio* collector of Cook county, by which it prayed that the assessment made against its net receipts for the year 1930 be declared void, and that the collection of the taxes extended on the assessment be enjoined. The Central Manufacturers Mutual Insurance Company filed an amended bill in the same court against the board of commissioners and the treasurer and *ex-officio* collector of Cook county for like relief from the same taxes and for an injunction *pendente lite* restraining the prosecution of an action of debt to recover them. Demurrers were interposed to the bills by the respective defendants and the demurrers were sustained. The complainants elected to abide by their bills and decrees were entered dismissing them for the want of

equity. From these decrees, the complainants prosecute the present appeals and, for the purposes of a hearing, the causes are consolidated.

By their bills, the Michigan Millers Mutual Fire Insurance Company and the Central Manufacturers Mutual Insurance Company allege that they are organized under the laws of the States of Michigan and Ohio, respectively; that they are licensed to transact business in this State under the provisions of the Mutual Insurance act of 1915; that each maintains and operates an agency in the city of Chicago; that through these agencies they hold themselves out as qualified to write fire insurance, motor vehicle insurance against theft, collision and property damage, and hail, windstorm, cyclone, tornado, earthquake, use and occupancy, and sprinkler-leakage insurance; that the Central Manufacturers Mutual Insurance Company also announces itself qualified to write insurance against damage to aircraft or resulting from riot, civil commotion and explosion; that during the year ending April 30, 1930, both companies, through their respective agencies, wrote fire, tornado, windstorm, cyclone and sprinkler-leakage insurance, and that the Central Manufacturers Mutual Insurance Company, during that year, also wrote motor vehicle insurance against fire, theft, collision and property damage.

Additional allegations of the bills are that the board of assessors of Cook county required returns of net premium receipts collected by the appellants' agencies during the taxable year ending April 30, 1930; that in requiring these returns the board acted under the purported authority of section 30 of the Fire, Marine and Inland Navigation Insurance Companies act of 1869, as amended in 1879; that they filed their returns, under protest, and that upon the basis of these returns the taxes for which liability is denied were extended. Both appellants charge that section 30 of the act of 1869, as amended, is not applicable to mutual insurance companies governed by and operating under

the Mutual Insurance act of 1915, and that if section 30 does apply to mutual insurance companies, the assessments against the appellants, under the terms of that section, should have allowed deductions for the operating expenses of their local agencies and the proportions of their general operating expenses attributable to these agencies.

By the amended bill of the Central Manufacturers Mutual Insurance Company, it is further charged that section 30, if applicable to the company, deprives it of due process of law in violation of the Federal and State constitutions and denies it the equal protection of the laws guaranteed by the fourteenth amendment to the Federal constitution. The basis of the charge is that the company, as a foreign corporation authorized to write fire insurance, is subjected to taxes upon its net receipts derived from automobile insurance other than fire and from tornado and sprinkler-leakage insurance, whereas other foreign insurance companies and particularly casualty insurance corporations, are exempt from taxation upon their net receipts from the same types of insurance for the sole reason that they are not foreign fire insurance corporations.

The amended bill of the Central Manufacturers Mutual Insurance Company also charges that it, as a foreign fire insurance corporation, is subjected to taxes upon its net receipts derived from fire and all other insurance, whereas the net receipts of competing unincorporated foreign insurers, whether partnerships, associations, individuals or aggregations of individuals, are not subjected to the same taxes or to any other tax in lieu thereof, and that the sole basis for this discrimination is the fact that the appellant is a foreign corporation, while the other insurers mentioned are foreign unincorporated bodies or individuals.

Concluding allegations of the Michigan Millers Mutual Fire Insurance Company's bill are that the treasurer and *ex-officio* collector has threatened to levy a distress warrant upon its personal property for the purpose of effecting col-

lection of the challenged taxes and that because of its failure to pay them, its license to do business in this State may be subjected to cancellation. The Central Manufacturers Mutual Insurance Company charges that some of the issues presented by it with respect to claimed deductions cannot be determined in an action of debt and that unless it invokes the interposition of a court of equity, its authority to transact business in the State may be revoked.

The Michigan Millers Mutual Fire Insurance Company reported net premium receipts of $16,856.97, but claimed a deduction of $5996.27 for its local agency's proportion of the expenses of the home office. Taxes amounting to $429.11 were extended against the company. By its return the Central Manufacturers Mutual Insurance Company reported net receipts aggregating $44,879.67. Of this sum, $9463.70 represented premiums derived from motor vehicle theft, collision and property damage, tornado and sprinkler-leakage insurance and $5689.21, the share of the expenses of the home office incurred in writing fire insurance and charged to the local agency. The assessed value was fixed at $16,607 which represented substantially thirty-seven per cent of $44,879.67, the total reported. The taxes extended against this company amounted to $1142.57.

Five contentions are urged by the appellants to obtain a reversal of the decrees. Of these three require consideration. The first is that section 30 of the act entitled "An act to incorporate and to govern fire, marine and inland navigation insurance companies doing business in the State of Illinois," approved March 11, 1869, as amended, (Cahill's Stat. 1933, p. 1617; Smith's Stat. 1933, p. 1620), cannot be applied to those receipts of foreign fire insurance companies which are produced by risks incurred for insurance other than against fire when such other types of insurance may be written by foreign casualty companies without being subjected to the same taxes or to any tax in lieu thereof; that the application of section 30 to the net re-

ceipts of foreign fire insurance companies, without regard to their source, results in discrimination, confers a special privilege or immunity upon foreign casualty insurance corporations and deprives foreign fire insurance corporations of due process of law in violation of the State constitution and that such application of section 30 also violates the due process of law and the equal protection of the laws provisions of the fourteenth amendment to the Federal constitution.

A tax on the receipts of insurance companies was first imposed by section 22 of the Revenue act of 1853 and applied to the gross receipts of all foreign insurance companies. (Laws of 1853, p. 46). In 1869, the provision was removed from the Revenue act and inserted as section 30 of the Fire, Marine and Inland Navigation Insurance Companies act and limited to the net receipts derived from insurance authorized to be written by foreign insurance companies operating under that act. The risks originally included only those arising out of fire and marine and inland navigation and transportation. Since 1869, the General Assembly, both by amendments to the Fire, Marine and Inland Navigation Insurance Companies act and by independent statutes, has extended the powers of fire insurance companies enabling them to incur risks against lightning, tornadoes, windstorms, hailstorms, cyclones, the leakage of sprinklers, pumps and other fire apparatus, and the theft of automobiles as well as their damage by fire and collision. All present powers of fire insurance companies, stock and mutual, to write insurance other than fire, marine and inland navigation, rest upon an independent act approved June 30 and effective July 1, 1925. (Laws of 1925, p. 436; Cahill's Stat. 1933, p. 1619; Smith's Stat. 1933, p. 1636). This act expressly empowers fire insurance companies to insure against automobile theft and property damage but prohibits them from insuring against loss resulting from bodily injury to the person.

By an act concerning the business of casualty insurance, approved April 21 and effective July 1, 1899, as amended, (Cahill's Stat. 1933, p. 1672; Smith's Stat. 1933, p. 1676), casualty insurance companies may be organized and authorized to issue policies insuring persons against bodily injury, disability or death resulting from accident; against loss or damage resulting from accident to, or injury suffered by, an employee or other person for which accident or injury the person insured is liable; against loss by burglary or theft or both; upon glass against breakage; upon steam boilers and pipes, engines and machinery connected therewith or operated thereby; against explosion and accident and loss, injury or damage resulting therefrom; upon elevators and machinery; against any hazard resulting from the ownership, maintenance or use of automobiles or other vehicles; against any other casualty or insurance risk specified in the articles of organization lawfully the subject of insurance and not otherwise authorized, and indemnifying merchants, traders and all others engaged in business from loss by giving or extending credit to customers. Upon compliance with the requirements prescribed by section 7 of the act any casualty insurance corporation organized under the laws of any other State or a foreign country may be admitted to transact business in this State. The act contains no provision imposing a tax on the net receipts of foreign casualty insurance corporations.

Section 30 of the Fire, Marine and Inland Navigation Insurance Companies act, as amended, to the extent that it is pertinent to this inquiry, reads: "Every agent of any insurance company, incorporated by the authority of any other State or government, shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency for the preceding year, which shall be entered on the tax lists of the county, town and municipality, and subject to the same rate of taxation,

for all purposes,—State, county, town and municipal—that other personal property is subject to at the place where located; said tax to be in lieu of all town and municipal licenses." All net receipts of foreign fire insurance companies including their receipts from casualty business have been deemed taxable under this section. (*People* v. *Concordia Fire Ins. Co.* 350 Ill. 365; *People* v. *Barrett,* 309 id. 53; *Fidelity and Casualty Co.* v. *Board of Review,* 264 id. 11). The net receipts of foreign casualty insurance companies conducting a casualty insurance business in this State, however, are not taxable under section 30 or any other statute. (*People* v. *Barrett, supra; Fidelity and Casualty Co.* v. *Board of Review, supra*). Each non-resident corporation, company and association licensed and admitted to do an insurance business in this State is required to pay an annual State tax for the privilege equal to two per cent of the gross amount, less certain deductions, of premiums received during the preceding calendar year on contracts covering risks within the State. This tax, it is provided, shall be in lieu of all license fees or privilege or occupation taxes levied or assessed by any municipality in the State, but the act authorizing the tax shall not prevent the levy and collection of the taxes authorized by section 30 of the Fire, Marine and Inland Navigation Insurance Companies act. (Cahill's Stat. 1933, p. 1600; Smith's Stat. 1933, p. 1624). Both foreign fire and foreign casualty insurance corporations are taxed on such real and tangible personal property as they may have within the State. The question is thus presented whether the taxes imposed by section 30 upon the net receipts derived by a foreign fire insurance corporation from the overlapping and competitive fields of insurance which a foreign casualty insurance corporation may enter without subjecting its net receipts therefrom to taxation under section 30 or to an equivalent tax is a denial of due process of law or of the equal protection of the laws.

The first section of the fourteenth amendment to the Federal constitution declares that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." The Supreme Court of the United States, in *Yick Wo* v. *Hopkins*, 118 U. S. 356, said "The equal protection of the laws is a pledge of the protection of equal laws," and again, in *Southern Railway Co.* v. *Greene*, 216 id. 400, "The equal protection of the laws means subjection to equal laws, applying alike to all in the same situation." The provision for the equal protection of the laws extends to foreign corporations within the jurisdiction of the State and safeguards to them, as well as to natural persons, the protection of laws applied equally to all under like circumstances. (*Liggett Co.* v. *Lee*, 288 U. S. 517; *Quaker City Cab Co.* v. *Pennsylvania*, 277 id. 389; *Power Manufacturing Co.* v. *Saunders*, 274 id. 490; *Kentucky Finance Corp.* v. *Paramount Auto Exchange Corp.* 262 id. 544; *Southern Railway Co.* v. *Greene, supra; Smyth* v. *Ames*, 169 U. S. 466; *Gulf, Colorado and Santa Fe Railway Co.* v. *Ellis*, 165 id. 150; *Santa Clara County* v. *Southern Pacific Railroad Co.* 118 id. 394). A foreign corporation, by seeking and obtaining authority to transact business in a State does not bind itself to comply with, or preclude it from objecting to, the enforcement of statutes in conflict with the Federal constitution. *Quaker City Cab Co.* v. *Pennsylvania, supra; Power Manufacturing Co.* v. *Saunders, supra; Hanover Fire Ins. Co.* v. *Harding*, 272 U. S. 494.

The fourteenth amendment neither denies a State the right justly to exert its taxing power nor prevents it from adjusting its legislation to differences in situation and to that end to make a justifiable classification. It does, however, require that the classification shall be based on a real

and substantial difference having a rational relation to the subject of the particular legislation. (*Power Manufacturing Co.* v. *Saunders*, 274 U. S. 490; *Truax* v. *Corrigan*, 257 id. 312; *Royster Guano Co.* v. *Virginia*, 253 id. 412; *Lindsley* v. *Natural Carbonic Gas Co.* 220 id. 61; *American Sugar Refining Co.* v. *United States*, 179 id. 89; *Magoun* v. *Illinois Trust and Savings Bank*, 170 id. 283; *Marallis* v. *City of Chicago*, 349 Ill. 422; *People* v. *O'Donnell*, 327 id. 474; *McGrath* v. *City of Chicago*, 309 id. 515; *Bagdonas* v. *Liberty Land and Investment Co.* 309 id. 103; *Stewart* v. *Brady*, 300 id. 425). Mere difference or the mere fact of classification is insufficient and arbitrary selection cannot be justified by calling it classification. *Louisville Gas and Electric Co.* v. *Coleman*, 277 U. S. 32; *Southern Railway Co.* v. *Greene*, 216 id. 400; *Connolly* v. *Union Sewer Pipe Co.* 184 id. 540; *Gulf, Colorado and Santa Fe Railway Co.* v. *Ellis*, 165 id. 150.

Supplementing the equal protection provision of the fourteenth amendment, section 22 of article 4 of the constitution of this State prohibits the passage of a special law granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever. The purpose of this provision is to prevent the enlargement of the rights of one or more persons and the impairment of or discrimination against the rights of others. To avoid falling within the constitutional inhibition of special legislation the classification of subjects or objects must be based upon some reasonable and substantial difference in kind, situation or circumstance bearing a proper relation to the purposes to be attained by the statute. *Marallis* v. *City of Chicago*, 349 Ill. 422; *People* v. *Kastings*, 307 id. 92; *Jones* v. *Chicago, Rock Island and Pacific Railway Co.* 231 id. 302; *L'Hote* v. *Village of Milford*, 212 id. 418.

To sustain the imposition of the taxes prescribed by section 30 of the act of 1869 on the net receipts of all insurance written by foreign fire insurance corporations

while no tax is imposed upon the net receipts of foreign casualty insurance corporations, the appellees place reliance on *People* v. *Concordia Fire Ins. Co.* 350 Ill. 365. This authority cannot avail the appellees for the Supreme Court of the United States, on review, declared that section 30 as construed and applied in that case contravened the equal protection provision of the fourteenth amendment to the Federal constitution. (*Concordia Fire Ins. Co.* v. *People of State of Illinois,* 78 L. ed 1006, 54 Sup. Ct. 830). A stipulation of facts showed that both foreign fire and foreign casualty insurance corporations were lawfully entitled to conduct their respective businesses within this State; that foreign casualty insurance corporations were conducting the same character of casualty business as foreign fire insurance corporations; that these businesses were competitive and that the foreign casualty insurance corporations were taxed on such real property and tangible personal property as they held within the State, while the foreign fire insurance corporations were taxed not only on their property, real and personal, but also upon their net receipts from casualty insurance. In deciding that the application of the act arbitrarily and prejudicially discriminated against the appellant, a foreign stock fire insurance corporation, and in favor of foreign casualty insurance companies in circumstances demanding equal treatment, the court said: "This statement shows that section 30, as the State court construes and applies it, works a very real and prejudicial discrimination against the fire insurance companies and in favor of the casualty companies in respect of competitive casualty businesses of the same character, conducted in the same way and in the same territory. The companies are all foreign corporations, and all are for present purposes equally within the jurisdiction of the State and subject to her power to tax. There is no basis or reason for making a distinction between them that has any pertinence to the imposition of a property tax such as is

in question. The net receipts which are taxed are not different from those which are not taxed; and both come from the same source. Such a discrimination in respect of the taxation of real or tangible personal property obviously would be essentially arbitrary. In principle it is not different with the net receipts. They are property and the tax which section 30 imposes is, as the State court holds, a property tax. It follows that the section, when construed and applied in the way just described, is in conflict with the equal protection clause of the constitution."

The appellants are foreign fire insurance corporations and by virtue of their licenses are authorized to do business in this State. Foreign fire and foreign casualty insurance corporations, when writing the same types or classes of insurance, are in direct competition with each other and are alike entitled to the equal protection of the laws. The exercise of the same lawful power or authority by foreign fire and foreign casualty insurance corporations does not justify the taxation of the resulting net receipts of the former and not of the latter. The taxes in question were levied upon the net receipts of the appellants from all types of insurance. To the extent that these taxes were laid upon their net receipts from insurance other than fire, marine and inland navigation, they result in a discrimination against the appellants and are *pro tanto* invalid. Section 30 of the Fire, Marine and Inland Navigation Insurance Companies act, when so applied, arbitrarily discriminates against the insurance corporation subjected to the illegal portion of the taxes imposed and, by denying the equal protection of the laws and granting a special privilege or immunity to a particular class, transcends, to the extent indicated, the Federal and the State constitutions.

The second contention to be considered is that section 30 of the act of 1869 is vulnerable to the constitutional objections urged in the preceding contention for the additional reason that the section imposes taxes on the net

receipts of foreign fire insurance corporations while unincorporated foreign insurers which are competitors of such corporations are exempt from the burden of section 30 and of any parallel or equivalent charge. The question whether section 30 makes an invalid discrimination between incorporated and unincorporated foreign fire insurers was presented in *People v. Franklin Nat. Ins. Co.* 343 Ill. 336, and was decided adversely to the insurance company.

The remaining contention of the appellants is that, for the purposes of assessment, they should have been allowed to deduct from the net receipts of their domestic agencies, the shares of their general operating expenses, which, in apportioning the whole, were attributable to these agencies. To determine this question, the pertinent portion of section 30 of the Fire, Marine and Inland Navigation Insurance Companies act must be considered. It reads: "Every agent of any insurance company, incorporated by the authority of any other State or government, shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency for the preceding year." The return, it will be observed, is required to show "the amount of the net receipts" of a particular agency, and it is made to the proper officer of the county, town or municipality in which the agency is established. A disbursement by the principal office of a foreign insurance corporation toward the cost of its operation and without a domestic agency's participation in the transaction, constitutes, for the purposes of taxation, no part of such agency's receipts. It may be conceded that, to determine the net profits of a certain agency, its proportion of the company's whole and entire cost of operation should enter into the calculation. Net receipts and net profits, however, are not synonymous (*National Fire Ins. Co.* v. *Hanberg*, 215 Ill. 378; *People* v. *Kent*, 300 id. 324), and section 30 requires a return of the former and not of the

latter. Every domestic agent, and not a general officer of the foreign insurance corporation, makes the return for his particular agency, and the return is submitted to the proper local public officer. It is apparent from the foregoing considerations that the General Assembly did not, by the enactment of section 30, contemplate the deduction from a domestic agency's return of its net receipts, of any portion of the cost and expense of maintaining and operating the principal office of a foreign insurance corporation.

The decrees of the circuit court of Cook county are reversed and the causes are remanded to that court, with directions to proceed in conformity with the views expressed in this opinion.

*Reversed and remanded, with directions.*