(No. 31557.—

BLANCHE SCHUMAN, Appellant, *vs.* CHICAGO TRANSIT AUTHORITY, Appellee.

*Opinion filed November 27, 1950.*

BEN COPPLE, of Chicago, (MEYER SILVERSTEIN, of counsel,) for appellant.

WERNER SCHROEDER, JAMES O. DWIGHT, ERWIN H. WRIGHT, and JAMES E. HASTINGS, all of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

On December 22, 1948, the plaintiff, Blanche Schuman, filed her complaint and on February 17, 1949, an amended complaint, in the superior court of Cook County seeking to recover damages for personal injuries sustained on February 20, 1948, while alighting from a streetcar operated by the defendant, the Chicago Transit Authority. Plaintiff alleged that, on March 5, 1948, she filed in the office of defendant a written statement, signed by her agent, as required by section 41 of the Metropolitan Transit Authority Act. (Ill. Rev. Stat. 1949, chap. 111⅔, par. 341.) By its answer, defendant denied that the statement satisfied the requirements of section 41. Thereafter, plaintiff filed an amendment to her amended complaint admitting that she had not complied with section 41 and alleging that it contravenes section 22 of article IV of the constitution of this State. Defendant's motion to dismiss plaintiff's action because of noncompliance with section 41 was sus-

tained, the judgment order specifically finding that section 41 of the Metropolitan Transit Authority Act is constitutional and valid. Plaintiff elected to abide by her complaint, as amended, and the cause was dismissed. This appeal followed.

Defendant's motion to transfer the cause to the Appellate Court for the First District upon the ground that a constitutional question is not involved, within the contemplation of section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1949, chap. 110, par. 199,) has been taken with the case. The act as a whole was adjudged constitutional in *People* v. *Chicago Transit Authority*, 392 Ill. 77. The principal question presented was whether the act creates a municipal corporation. This issue was decided in the affirmative. The contention that the act grants special privileges in violation of section 22 of article IV, in authorizing the Authority to build railroad tracks, was decided in the negative. It was also contended that the act is a local or special law granting a special privilege to the Authority with respect to rates of fare to be charged, contrary to section 22 of article IV. We held that section 30 of the statute authorizing the Chicago Transit Board to fix rates, fares and charges for transportation is not local or special. The precise question made and argued here, namely, whether section 41 transcends the constitutional prohibitions of section 22 of article IV of our constitution was not directly considered. To sustain the constitutionality of a statute against a particular contention is not decisive of its validity against subsequent attacks upon different constitutional grounds. (*Parks* v. *Libby-Owens-Ford Glass Co.* 360 Ill. 130.) The motion to transfer is denied.

The sole issue requiring consideration is the constitutional validity of section 41 of the Metropolitan Transit Authority Act which declares: "No civil action shall be commenced in any court against the Authority by any person for any injury to his person unless it is commenced

within one year from the date that the injury was received or the cause of action accrued. Within six (6) months from the date that such an injury was received or such cause of action accrued, any person who is about to commence any civil action in any court against the Authority for damages on account of any injury to his person shall file in the office of the secretary of the Board and also in the office of the General Attorney for the Authority, either by himself, his agent, or attorney, a statement, in writing, signed by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred and the name and address of the attending physician, if any. If the notice provided for by this section is not filed as provided, any such civil action commenced against the Authority shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further suing."

Section 41 of the Metropolitan Transit Authority Act requires that a prescribed written notice be served upon defendant within six months from the date personal injuries are suffered or the cause of action accrued, as a condition precedent to commencing an action against it. A like notice is unnecessary in order to state a cause of action for personal injuries against other common carriers of passengers in Cook County and throughout the State. An action for personal injuries against defendant, section 41 also provides, must be brought within one year from the date the accident or the cause of action accrued. Actions for personal injuries against other carriers of passengers may be instituted within two years after the cause of action accrued. Ill. Rev. Stat. 1949, chap. 83, par. 15.

Plaintiff contends that section 41 creates an unreasonable and arbitrary classification of public utility corpora-

tions furnishing transportation service in Cook County in providing a special Statute of Limitations for personal injury claims and requiring written notice of such claim as a condition precedent to bringing an action against defendant, provisions applicable only to it. She asserts that the services rendered by defendant are essentially the same as those rendered by privately owned public utilities in Cook County, specifically naming seven engaged in operating transportation systems in the metropolitan area of Cook County; that the principal difference between defendant and these other carriers is that defendant is a municipal corporation free from and regulated by no other State agency, whereas the privately owned carriers are subject to the regulations of the Illinois Commerce Commission, and that there is no rational basis for placing defendant in a different class, with respect to claims for personal injuries against it, from the class which includes other carriers of passengers in Cook County and throughout the State.

The principles governing special legislation have been frequently stated. Section 22 of article IV of our constitution prohibits the General Assembly from passing any local or special law granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever. This provision supplements the equal-protection clause of the fourteenth amendment to the Federal constitution and prevents the enlargement of the rights of one or more persons in discrimination against the rights of others. (*Michigan Millers Mutual Fire Ins. Co. v. McDonough,* 358 Ill. 575; *Marallis v. City of Chicago,* 349 Ill. 422.) Laws are not deemed special or class legislation merely because they affect one class and not another, provided they affect all members of the same class alike. In short, the fact that a law discriminates against an individual or group is not, of itself, sufficient to render it invalid. (*Hansen v. Raleigh,* 391 Ill. 536.) The controlling question is always whether the classification of persons or

objects for purposes of legislative regulation is based upon some substantial difference bearing proper relation to the classification or, on the other hand, is arbitrary and capricious. (*People* v. *Deatherage,* 401 Ill. 25; *Crews* v. *Lundquist,* 361 Ill. 193.) Unless the legislative action is clearly unreasonable and there is no legitimate reason for the law which would not require with equal force its extension to others whom it leaves untouched, the courts do not interfere with the legislative judgment. *Hansen* v. *Raleigh,* 391 Ill. 536.

In the light of these established principles, it is clear that a reasonable basis obtains for the classification made by the General Assembly in requiring that notice of an accident be given defendant within six months and that actions for personal injuries be commenced within one year from the date the injury was received or the cause of action accrued. In *Springfield Gas and Electric Co.* v. *City of Springfield,* 292 Ill. 236, this court held that the exception of municipally owned public utilities from section 10 of the Public Utilities Act did not violate the constitutional provision against local or special laws granting special privileges because there is a valid reason for the classification of municipal public utilities, and it is for the legislature to determine whether these utilities shall be subject to the Public Utilities Commission (now the Illinois Commerce Commission) or, instead, be governed by the municipalities through the Municipal Ownership Act. Holding that municipal corporations may form a separate and distinct class from private corporations and, more specifically, that the General Assembly may make two distinct classes of public utilities, those owned and operated by private corporations and those owned and operated by municipalities, this court observed, "The constitutional provision does not mean that the same rule shall apply to every individual in the State under all circumstances but only under substantially the same circumstances, and laws may be valid though operat-

ing only upon particular persons or classes if there is a valid reason for such particular operation."

In *Condon* v. *City of Chicago,* 249 Ill. 596, this court considered the constitutional validity of section 2 of "An act concerning suits at law for personal injuries against cities, villages and towns," requiring any person, who is about to bring an action against an incorporated city, village or town for damages on account of any personal injury, within six months from the date of injury or when the cause of action accrued, to file in the offices of the city attorney and the city clerk a written statement of certain particulars. This provision, differing but little from section 41 of the Metropolitan Transit Authority Act, was challenged as unconstitutional class legislation, the argument being that a municipal corporation and its employees, with respect to the relation of master and servant, stand upon the same footing as a private corporation or an individual and its or his employees. Answering that the statutory requirement of filing a statement or notice as a condition precedent to the right to bring an action against the municipality was a valid enactment, this court said: "It is essential to the public interests, to economy and the protection of public funds, that rules should be established governing the transactions of such bodies different from those which apply to the affairs of individuals and corporations, and these different conditions form a sufficient basis for the legislation here brought in question." A like observation may be made with respect to defendant.

Plaintiff directs attention, however, to the fact that the requirement of notice in the Revised Cities and Villages Act (Ill. Rev. Stat. 1949, chap. 24, pars. 1-10, 1-11, 1-12,) refers to actions for personal injuries "against any municipality" (*Erford* v. *City of Peoria,* 229 Ill. 546,) while section 41 of the Metropolitan Transit Act is applicable to claims for personal injuries against the Chicago Transit Authority, alone. This is, of course, literally true because

the Authority is the only municipal corporation organized under the provisions of the Metropolitan Transit Authority Act. To a like argument in *People* v. *Chicago Transit Authority*, 392 Ill. 77, we pointed out that the Metropolitan Transit Authority Act is not invalid as creating a monopoly in violation of section 22 of article IV or the prohibition against special privileges, as there is no limit to the number of corporations which may be organized in the area. described. As observed in *People* v. *City of Chicago*, 349 Ill. 304, "A law may be general notwithstanding the fact that it may operate in only a single place where the condition necessary to its operation exists." Under the factual situation presented, a reasonable basis for the legislative classification assailed obtains.

The notice required by section 41 is designed to accomplish the same object sought by the notice requirement for cities, villages and towns held constitutional in *Condon* v. *City of Chicago*. We are aware, and take judicial notice, of the magnitude of the operations of defendant. A transportation system of its size, operating, as it does, on the busy streets and thoroughfares of the second largest city in the United States, one of the largest cities of the world, becomes involved in the largest volume of personal injuries litigation in the State. There are, no doubt, many, if not more, "blind" claims—those not reported to the Authority by its employees—than in any other municipality in Illinois. The Authority is a municipal corporation, not entitled to make a profit, placing it in a different class from private carriers operating in the same area, and is surely entitled, as is a city, town or village, to an opportunity to protect itself by prompt investigation. The requirement of six months' notice affords the Authority this opportunity just as the requirement of notice to cities, towns and villages protects them. To conduct a complete investigation of every accident, whether large or small, would impose an intolerable burden upon defendant. An adequate investiga-

tion of a "blind" accident, if the first notice of it came one year or two years later upon instituting an action, would, in most instances, be impracticable, if not impossible. As observed in *People* v. *Chicago Transit Authority,* 392 Ill. 77, "That there is a substantial difference between the situation of passengers in the area here involved and those in the balance of the State, is readily seen." The quoted observation is singularly appropriate here.

An additional reason supports our conclusion. Irrespective of whether the word "corporation," as used in section 22 of article IV, is applicable to municipal or public corporations, (*Schreiber* v. *County of Cook,* 388 Ill. 297; *People ex rel. Greening* v. *Green,* 382 Ill. 577; *Kocsis* v. *Chicago Park Dist.* 362 Ill. 24,) the subject of municipally owned transit authorities is not among those enumerated in section 22 of article IV, concerning which no local or special laws can be passed. *Kocsis* v. *Chicago Park Dist.* 362 Ill. 24; *Comrs. of Lincoln Park* v. *Fahrney,* 250 Ill. 256.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*