(No. 40912.—

Sharon Allen *et al.,* Appellees, *vs.* John L. Conken *et al.*—(The Department of Public Aid, Appellant.)

*Opinion filed March 28, 1968.*

WILLIAM G. CLARK, Attorney General, of Springfield, (JOHN J. O'TOOLE and ROBERT F. NIX, Assistant Attorneys General, of counsel,) for appellant.

DYER, RICHMONS, MOORE & NELSON, of Hoopeston, (WILLIAM E. NELSON, of counsel,) for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Leonard Allen was accidentally incapacitated for a period approximating two years during which his wife and children were furnished financial assistance by the Department of Public Aid of this State in the amount of $3,981. Thereafter a dramshop action instituted by the wife and children was settled for $9,750, of which $3,981 was deposited with the clerk of the circuit court pending final disposition of the Department's intervening petition to enforce against the proceeds of the dramshop action its statutory lien for the amount of assistance furnished. The Department appeals from the order of the Vermilion County circuit court dismissing with prejudice the petition to enforce the departmental lien on the ground that the statute creating the lien is unconstitutional in that it is unreasonable, discriminatory and constitutes class legislation.

The lien in question is created by section 19 of article 8 of the Public Assistance Code of 1949 (Ill. Rev. Stat. 1965, chap. 23, par. 819) which, in pertinent part, provides: "The State Department shall have a charge upon all claims, demands and causes of action for injuries to an applicant for or recipient of assistance for the total amount of assistance provided for the recipient and his dependents from the time of injury to the date of recovery upon such claim, demand or cause of action. * * * The provisions of this section shall be inapplicable to and no charge shall exist upon any claim, demand or cause of action arising under (a) the 'Workmen's Compensation Act,' * * * (b) the 'Work-

men's Occupational Diseases Act', * * * and (c) 'An Act requiring compensation for causing death by wrongful act, neglect or default' * * *." The precise issue for our determination is whether inclusion of dramshop actions for reimbursement and lien purposes, while simultaneously excluding the benefits or proceeds payable in the three named categories is supported by sufficient differences in the nature and purposes of the actions themselves to render the legislative classification reasonable and nondiscriminatory, thereby exempting it from the prohibitions of both State and Federal constitutions. (Ill. Const., art. IV, sec. 22; U.S. Const. Amendment XIV.) We conclude that it is.

Appellees state that no prior case has considered application of the lien statute to recoveries in cases other than personal injury cases, and argue that it was not legislatively intended that a lien should exist upon recoveries in actions for loss of support. Conversely stated, appellees urge that it was intended that the lien apply only to recoveries for personal injuries to the claimant or recipient, as contrasted to injury or death of the person upon whom the recipient depended for support. Secondly, appellees argue that if recoveries for loss of support are subject to the lien, the differences between wrongful death actions and dramshop actions are so insubstantial that they may not be constitutionally separated for the purposes of the lien statute. No apposite authority is cited for the first proposition, and it seems to us clear that had the legislature intended to limit application of the lien to actions for personal injuries and exempt actions for loss of support, there would have been no need to expressly exclude actions under the Wrongful Death Act from the operation of the statute. Moreover, specifically excluding from the reach of the Department's statutory lien the proceeds recovered under only one of the many types of actions for loss of support exhibits a legislative intent that none but the expressly named cause of action is to be so exempted, for *"expressio unius est*

*exclusio alterius.*" Sutherland, Statutes and Statutory Construction, 3rd ed., secs. 4915, 4916; *In re Estate of Leichtenberg,* 7 Ill.2d 545, 552; *Howlett* v. *Doglio,* 402 Ill. 311, 320.

As to the second proposition, *Morey* v. *Doud,* 354 U.S. 457, 463-4, 1 L. Ed. 2d 1485, 77 S. Ct. 1344, 1349, quotes the language of *Lindsley* v. *Natural Carbonic Gas Co.,* 220 U.S. 61, 78-79, 55 L. Ed. 369, 31 S. Ct. 337, 340, in summarizing the rules for testing alleged discrimination: " '1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' " Our own decisions similarly state: "Laws are not deemed special or class legislation merely because they affect one class and not another, provided they affect all members of the same class alike. In short, the fact that a law discriminates against an individual or group is not, of itself, sufficient to render it invalid. [Citation.] The controlling question is always whether the classification of persons or objects for purposes of legislative regulation is based upon some substantial difference bearing proper relation to the classification or, on the other hand, is arbitrary and capricious. [Citations.] Unless the legislative action is clearly unreasonable and there is no legitimate reason for the law

which would not require with equal force its extension to others whom it leaves untouched, the courts do not interfere with the legislative judgment. [Citations.]" (*Spalding* v. *City of Granite City,* 415 Ill. 274, 280; see, also, *Schuman* v. *Chicago Transit Authority,* 407 Ill. 313, 318.) "The classification need not, however, be accurate, scientific, logical or harmonious, so long as it is not arbitrary and will accomplish the legislative design." (*People ex rel. Heydenreich* v. *Lyons,* 374 Ill. 557, 564.) "A legislative classification must be palpably arbitrary to authorize a judicial review of it, and it cannot be disturbed by the courts unless they can see clearly that there is no fair reason for the application of the law to the particular individuals while others of the same class are excluded." *People* v. *Callicott,* 322 Ill. 390, 392.

In sustaining the statute here challenged against a quite similar attack by one against whose personal injury judgment a lien had been asserted, we said in *Donoho* v. *O'Connell's, Inc.,* 18 Ill.2d 432, 437: "It is true that the statute does not provide comprehensively for a lien upon all potential assets that might be or become available to a recipient [of public assistance]. But the validity of legislation does not depend upon complete comprehensiveness, nor does the constitution require that it conform to an ideal pattern of orderliness. It is enough if the selection of subjects for inclusion and exclusion rests upon a rational basis. [Citations.]" (See, also, *Beck* v. *Buena Park Hotel Corp.,* 30 Ill.2d 343, 346.) In *Donoho* we pointed out the substantial differences existing between the recovery for personal injuries there involved and recoveries under the Workmen's Compensation Act, the Workmen's Occupational Diseases Act and the Wrongful Death Act, noting that the small amount of the periodic payments under the compensation and occupational diseases Acts might make collection a difficult and expensive task, that liens against recoveries under those statutes were expressly forbidden and that these

differences were proper factors for legislative consideration. We further indicated that the limited recoveries under all of those statutes was a factor supporting the reasonableness of the legislative classification excluding them from the scope of the lien statute.

We cannot concur in appellees' conclusion that the differences between actions brought pursuant to the Wrongful Death Act and the Illinois Liquor Control Act (dramshop) are not sufficient to support the legislative action subjecting recoveries under the latter to the State's reimbursement and lien claims while excluding the former. The differences between such actions, while perhaps not as apparent as in the compensation cases, are still substantial. Under the Wrongful Death Act an action lies only when a death has occurred as contrasted to the case before us in which only an injury was involved, and it seems to us that requiring reimbursement from one whose source of support has been permanently lost might well be viewed differently from reimbursement by one whose support has been temporarily or partially impaired. Dissimilarity exists also in the fact that recoveries in dramshop actions have frequently involved the intemperate use of liquor by the individual upon whom the beneficiaries of the action were dependent for support. We cannot say, in view of the legislative interest in controlling the excessive use of alcohol, that subjecting to public assistance liens those recoveries for injuries which result from alcoholic excesses, while excluding others not so connected, is a completely arbitrary and unreasonable classification, particularily where the excessive use is frequently that of the beneficiary's relative. While it is true, as appellees argue, that the beneficiary of the action has not caused such intemperance, this does not mean that the legislature may not consider this factor. We accordingly hold the statute is not vulnerable to the charge that it invidiously discriminates against appellees and thus constitutes special legislation.

The judgment of the Vermilion County circuit court is accordingly reversed, and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*