Lou Adams *et al.*, Plaintiffs-Appellants, *v.* Continental Casualty Company, Defendant-Appellee.

(No. 57387; ▬▬▬▬)

First District (2nd Division)—June 25, 1974.

Shapiro, Kreisman & Epstein and Epton, McCarthy & Druth, both of Chicago (David S. Kreisman, of counsel), for appellants.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (A. R. Peterson and Herbert C. Loth, Jr., of counsel), for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a garnishment proceeding by the plaintiffs, Elaine McRoberts and Irene Wright, judgment creditors, against Continental Casualty Company, garnishee, to reach what they alleged was the interest of Lou Adams, their judgment debtor, in a certain automobile liability insurance policy issued by Continental. Plaintiffs filed a motion for judgment and defendant moved to dismiss the garnishment. Thereafter, the parties stipulated to the material facts. Then, they filed memoranda of law in which their respective theories and contentions were argued. After taking the cause under advisement, the trial court dismissed the garnishment and discharged the garnishee. The controversy concerning this discharge arises from the following facts.

In 1957, Hertz Stations, Inc., was engaged in the business of renting or leasing motor vehicles and Continental Casualty Company was authorized to issue automobile liability policies in Illinois. Accordingly, it issued a special policy under which it extended automobile liability coverage of $25,000 per person, $50,000 per accident and $5,000 in property damage to persons who rented motor vehicles from Hertz. Under the terms of the policy, and to the limit of its coverage, Continental agreed to pay on behalf of Hertz and its renters, all sums which they became obligated to pay for bodily injury to or death of any person caused by an accident arising out of the use of the rented motor vehicle.

The policy, however, contained a provision which excluded from its coverage any occupant of the motor vehicle. In addition, the policy had a condition which provided that when it was certified as proof of financial responsibility under the motor vehicle financial responsibility law of any State, the insurance it afforded would comply with the provisions of such law "* * * which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law * * *." The condition further required an insured, the driver of a Hertz rented vehicle, to agree to reimburse Continental for any payment which, because of the provision of some State law, it made without being so obligated under the terms of the policy.

At the time the policy was issued, Illinois law provided that no owner of a motor vehicle could engage in the business of renting it without first proving financial responsibility by filing with the Secretary of State a bond or a motor vehicle liability policy of a solvent and responsible company, a policy which required payment by the insurance carrier, within 30 days after it became final, of any judgment recovered against the

renter or anyone operating the vehicle with the renter's express or implied consent, "* * * for damage to property other than to the rented motor vehicle * * *."

On August 12, 1957, Lou Adams rented a Hertz motor vehicle. Under the agreement he signed, he acknowledged he was an insured under the policy Continental had issued to Hertz and he agreed to comply with all the terms of that policy, recognizing application of the exclusion which removed from coverage, with respect to bodily injury or death, any occupant of the vehicle he was renting. Consistent with the terms of the policy, Adams agreed to indemnify Continental in the event, because of the requirement of any State law, it had to pay an occupant of the rented vehicle for any injury or damage sustained from operation of the motor vehicle rented from Hertz. Adam's attention was called to the exclusionary provision of the policy as it applied to him as a renter of the motor vehicle.

The same day he rented the vehicle, Adams operated it with Elaine McRoberts and Irene Wright as his passengers. At a street intersection in Chicago, he drove the vehicle into a street light or utility pole. In the collision that resulted, McRoberts and Wright were injured. A short time later, they sued Adams, alleging willful and wanton misconduct by him on the occasion when they were injured. On December 16, 1959, Adams was defaulted, an ex parte jury trial was held and verdicts of $60,000 and costs for McRoberts, $15,000 and costs for Wright were returned against him. Judgments were later entered on the verdicts. Then, on May 20, 1960, McRoberts and Wright, as judgment creditors, began garnishment proceedings against Continental on the theory that the policy issued to Hertz covered Adams for the liability he incurred when, in operating the rented Hertz vehicle, he injured them.

Continental appeared, answered the garnishment and denied it was indebted to Adams. However, the cause, without action by plaintiffs, remained on the trial court calendar until July 2, 1970, when Continental, as garnishee defendant, filed a motion to dismiss the garnishment on the ground that the policy it had issued to Hertz specifically excluded coverage for injuries sustained by any passenger, guest or person while riding in, alighting from or getting into the vehicle that had been rented to Adams. Thereafter, the parties entered into a stipulation concerning the material facts, attaching thereto, as an exhibit, the policy in question. Then, memoranda of law were filed.

In the memorandum they filed, plaintiffs McRoberts and Wright stated the multi-ground theory of their motion for judgment: (1) Continental was liable to them as judgment creditors of Adams because its policy to Hertz, which insured Adams, was issued to comply with motor

vehicle financial responsibility laws of Illinois; therefore, Continental's liability had to be determined by reference to those laws and not to the exclusionary language of its policy. (2) Although the provisions of the Illinois Motor Vehicle Law (Ill. Rev. Stat. 1957, ch. 95½, par. 8—118) would preclude them from recovering against Continental, the statutory exclusion violates section 22 of article IV of the Illinois Constitution of 1870 because it was a special law and therefore was void. (3) This being so, construed and applied without the invidious exclusion of occupants of a rented motor vehicle, section 8—118 requires liability coverage for all persons, including occupants of rented vehicles, a result which the condition of Continental's policy anticipates; as a consequence, Continental was liable to the plaintiffs to the extent of its policy because it covered Adams, their judgment debtor.

In the memorandum it filed, Continental responded to plaintiffs' motion for judgment and to the points they had argued in support of their theory of the case. It argued that section 8—118 of the Illinois Motor Vehicle Law was constitutional; that the Illinois financial responsibility law was not applicable within the pertinent condition of the policy it issued to Hertz; that section 8—118 of chapter 95½ of the Illinois Revised Statutes was constitutional; and that the provisions of its policy which excluded coverage to occupants of motor vehicles rented by Hertz did not violate any provision contained in article IV, section 22 of the Illinois Constitution. For these reasons, Continental requested the trial court to dissolve the garnishment writ and discharge it as garnishee.

After hearing the parties, the trial court entered an order which found that the exclusion of occupants of rented motor vehicles from automobile liability coverage provided in policies issued in compliance with section 8—118 of the Illinois Motor Vehicle Law was not a discriminatory classification without a reasonable basis; therefore, the statute did not violate article IV, section 22 of the Illinois Constitution. On that finding, it dismissed the garnishment and discharged Continental, the garnishee. The dispositive issue in this appeal is whether the classification of occupants of rented vehicles as contained in the 1957 provisions of section 8—118 of the Illinois Motor Vehicle Law was discriminatory legislation in violation of article IV, section 22 of the Illinois Constitution of 1870 and was a denial of equal protection under the fourteenth amendment to the United States Constitution. To resolve this issue, we must decide whether, in adopting the statute in question, the legislature passed a special law that granted to Adams, Continental and Hertz a special or exclusive privilege, immunity or franchise.

■■ Section 22, article IV of our constitution, prohibits the General Assembly of this State from passing any local or special law which grants

to any corporation, association or individual a special or exclusive privilege, immunity or franchise. (*Schuman v. Chicago Transit Authority*, 407 Ill. 313, 317, 95 N.E.2d 447.) This provision supplements the equal protection clause of the fourteenth amendment to the Federal Constitution and prevents enlargement of the rights of one or more persons in discrimination against the rights of others. (*Michigan Millers Mutual Fire Insurance Co. v. McDonough*, 358 Ill. 575, 585, 193 N.E. 662.) In determining whether a law is special or class legislation, violative of this constitutional provision, the controlling question is always whether its classification of persons or objects for purposes of legislative regulation is based on some substantial difference bearing proper relation to the classification or, on the other hand, is arbitrary and capricious. (*Crews v. Lundquist*, 361 Ill. 193, 197, 197 N.E. 768; *Spalding v. City of Granite City*, 415 Ill. 274, 113 N.E.2d 567.) Therefore, in this case, with the 1957 legislative enactment in mind, we must look at the business of motor vehicle renting in order to determine whether classification of occupants of a rented motor vehicle for exclusion as persons toward whom the owner of the vehicle need show financial responsibility, was based on a substantial difference which bore a proper relation to the classification.[1] This determination necessarily requires, if only briefly, that we consider the relationships created and the classes of persons involved when owners of motor vehicles rent them out to be operated by customers.[2]

The business of renting motor vehicles involves at least three identifiable classes of persons, each with different but correlative legal rights and obligations: the owners, the renters (together with those who permissively become occupants of the motor vehicles) and members of the general public.[3] Between the owner, on the one hand, and the renter,

---

[1] Effective July 1, 1970, section 8—118 of the Motor Vehicle Law of 1957 was repealed, its substance was enacted as section 9—105 and the phrase, "not an occupant of the rented motor vehicle" was revised to read "including an occupant of the rented motor vehicle." Ill. Rev. Stat. 1969, ch. 95½, par. 9—105.

[2] Am. Jur. Legal Forms 2d, § 36:25; Annot., 7 A.L.R. 2d 456.

[3] It is worth noticing that the exclusionary provisions in Ill. Rev. Stat. 1957, ch. 95½, par. 8—118 applied to "* * * any person, not an occupant of the rented motor vehicle * * *." For an analogy, see Ill. Rev. Stat. 1957, ch. 95½, par. 9—201, the Illinois Guest Statute. The constitutionality of this statute has been sustained in Illinois, *Clarke v. Storchak*, 384 Ill. 564, 52 N.E.2d 229; *Delany v. Badame*, 49 Ill.2d 168, 274 N.E.2d 353; on fourteenth amendment grounds, a similar statute has been sustained in the Supreme Court of the United States, *Silver v. Silver* (1929), 280 U.S. 117, 74 L. Ed. 221, 50 S. Ct. 57; and in some states, similar statutes have been declared unconstitutional, *Brown v. Merlo* (1973), 8 Cal. 3d 855, 506 P. 2d 212, 106 Cal. Rptr. 388; *Henry v. Bauder* (1974), —— Kan. ——, 518 P. 2d 362.

on the other, the relation is one of contract. (See 61A C.J.S. *Motor Vehicles* § 760.) These two classes of persons can, if they wish, agree to whatever protective insurance coverage they desire; they are in a position to take whatever precaution they foresee as necessary in the operation of the motor vehicle by the renter.

This is not true of non-occupants, that identifiable class of persons who constitute the general public. Because the motor vehicle rental contract reflects satisfaction of the owner and renter concerning the terms of hire, including insurance coverage, and because renters (together with those who use the vehicle with their permission), as occupants, constitute a class with differing rights, duties and obligations, the legislature could recognize those differences and adopt a statute that protected the general public by allowing owners to show financial responsibility through an automobile liability policy that excluded coverage to occupants. (Compare *Weksler v. Collins*, 317 Ill. 132, 147 N.E. 797; *Allen v. Conken*, 39 Ill.2d 427, 235 N.E.2d 631. It follows that when the legislature classified occupants of rented motor vehicles for exclusion from financial responsibility requirements of the motor vehicle law, it based its judgment on a substantial difference that bore a proper relation to that classification. Consequently, section 8—118 of the Motor Vehicle Law, adopted by the legislature in 1957, was not discriminatory legislation violative of article IV, section 22, of our State constitution, nor was it a denial of equal protection under the fourteenth amendment to the Federal constitution. For these reasons, Continental's policy to Hertz did not cover the accident in which plaintiffs were injured; and under no theory could Continental be required to satisfy, in whole or in part, plaintiffs' judgments against Adams. Therefore, it was correct for the trial court to dismiss the garnishment and discharge the garnishee. The judgment is affirmed.

Affirmed.

HAYES, P. J., and DOWNING, J., concur.