(No. 46943.—

ELAINE McROBERTS *et al.*, Appellants, v. LOU W. ADAMS.—(Continental Casualty Company, Appellee.)

*Opinion filed March 24, 1975.—Rehearing denied May 29, 1975.*

Shapiro, Kreisman & Epstein and Epton, McCarthy & Druth, both of Chicago (David S. Kreisman, of counsel), for appellants.

Peterson, Ross, Rall, Barber & Seidel, of Chicago (A. R. Peterson, Owen Rall and Herbert C. Loth, Jr., of counsel), for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

This garnishment proceeding was instituted by Elaine McRoberts and Irene Wright, as judgment creditors of Lou Adams, against the Continental Casualty Company to reach the alleged interest of Adams in an automobile liability policy issued by Continental. The circuit court of Cook County dismissed the action and discharged Continental. The Appellate Court for the First District affirmed (*Adams v. Continental Casualty Co.* (1974), 21 Ill. App. 3d 111) and we granted leave to appeal.

On August 12, 1957, Lou Adams rented an automobile from a Chicago office of Hertz System, Inc. (hereinafter Hertz). Later that same day, with Adams driving, the vehicle collided with a utility pole at a Chicago street intersection, resulting in injuries to Adams' passengers, Elaine McRoberts and Irene Wright. Both passengers sued Adams, alleging that his willful and wanton misconduct had caused their injuries. Following a default of Adams, an *ex parte* jury trial was held on December 16, 1959, resulting in judgments of $60,000 and costs in favor of McRoberts and $15,000 and costs in favor of Wright. McRoberts and Wright then commenced this action against Continental, which had issued to Hertz the automobile liability policy covering the car rented by Adams. Continental entered an appearance, denying any indebtedness to Adams. With the plaintiffs apparently taking no further action, the cause remained on the trial court calendar until Continental filed on July 2, 1970, a motion to dismiss the garnishment action on the ground that the policy did not provide coverage for Adams' liability to any occupant of the rented automobile. The parties thereafter stipulated to the material facts and filed memoranda of law. The trial court, as earlier noted, ruled in favor of Continental, dismissing the action.

The policy issued by Continental provided liability coverage of $25,000 per person, $50,000 per accident and $5,000 in property damage to persons renting motor vehicles from Hertz, except that the coverage of the policy did not extend to any liability of the driver "with respect to bodily injury to *** any person sustained while riding in" the rented vehicle. At the time of the accident, the financial responsibility provisions of the Illinois Motor Vehicle Law made it "unlawful for the owner of any motor vehicle to engage in the business, or to hold himself out to the public generally as being engaged in the business of renting out such motor vehicle, to be operated by the customer, unless the owner" had filed with the Secretary

of State proof of financial responsiblity in the form of a bond or an insurance policy. (Ill. Rev. Stat. 1957, ch. 95½, pars. 8—114 and 8—115.) An insurance policy filed as proof of financial responsibility was required to be a:

"motor vehicle liability policy in a solvent and responsible company, authorized to do business in the State of Illinois, providing that the insurance carrier will pay any judgment within thirty days after it becomes final, recovered against the customer or against any person operating the motor vehicle with the customer's express or implied consent, for damage to property other than to the rented motor vehicles, or for an injury to, or for the death of any person, *not an occupant of the rented motor vehicle,* resulting from the operation of the motor vehicle, provided, however, every such policy provides insurance insuring the operator of the rented motor vehicle against liability imposed by law upon such insured for bodily injury to, or death of any person or damage to property to the amounts and limits as provided [in this Act]." (Emphasis added.) Ill. Rev. Stat. 1957, ch. 95½, par. 8—118.

It is clear that the policy's exclusion of liability coverage for injuries to occupants of the rented vehicle did not violate the applicable statutory provisions which expressly authorized such exclusion, and plaintiffs do not contend otherwise. They do contend, however, that the failure of section 8—118 to require liability coverage for injury or death to occupants of a rented vehicle created an arbitrary and discriminatory classification, rendering the clause excluding occupants unconstitutional as special legislation under the Illinois Constitution of 1870 and as a denial to occupants of equal protection under the United States Constitution. Since the Continental policy also contained a provision agreeing to provide the liability coverage required by any applicable motor vehicle financial responsibility law, plaintiffs urge that if the exclusion of occupants from the coverage required by section 8—118 is unconstitutional, the Illinois financial responsibility law would then have required liability coverage for injury or

death to occupants. Consequently, they argue, the above provision would have overriden the policy's exclusion of coverage for occupants, with the result that Continental, thereby obligated to provide coverage for Adams' liability to his passengers, was properly the object of garnishment proceedings.

Section 22 of article IV of the Illinois Constitution of 1870, prohibiting the General Assembly from enacting any local or special laws "Granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever," has been construed by this court as follows:

> "This provision supplements the equal-protection clause of the fourteenth amendment to the Federal constitution and prevents the enlargement of the rights of one or more persons in discrimination against the rights of others. (*Michigan Millers Mutual Fire Ins. Co. v. McDonough,* 358 Ill. 575; *Marallis v. City of Chicago,* 349 Ill. 422.) Laws are not deemed special or class legislation merely because they affect one class and not another, provided they affect all members of the same class alike. In short, the fact that a law discriminates against an individual or group is not, of itself, sufficient to render it invalid. (*Hansen v. Raleigh,* 391 Ill. 536.) The controlling question is always whether the classification of persons or objects for purposes of legislative regulation is based upon some substantial difference bearing proper relation to the classification or, on the other hand, is arbitrary and capricious. (*People v. Deatherage,* 401 Ill. 25; *Crews v. Lundquist,* 361 Ill. 193.) Unless the legislative action is clearly unreasonable and there is no legitimate reason for the law which would not require with equal force its extension to others whom it leaves untouched, the courts do not

interfere with the legislative judgment. *Hansen v. Raleigh,* 391 Ill. 536." *Schuman v. Chicago Transit Authority* (1950), 407 Ill. 313, 317-18.

Violations of the equal protection clause of the fourteenth amendment of the United States Constitution are judged by substantially identical standards. (*McDonald v. Board of Election Commissioners* (1969), 394 U.S. 802, 809, 22 L. Ed. 2d 739, 89 S. Ct. 1404.) Additionally, "there is always a presumption that the General Assembly acted conscientiously, \*\*\* the court will not interfere with its judgment unless classification is clearly unreasonable and palpably arbitrary and \*\*\* all reasonable doubts are to be resolved in favor of upholding the validity of a statute." *Delany v. Badame* (1971), 49 Ill.2d 168, 171.

We do not believe that the classification created by section 8—118 is "clearly unreasonable and palpably arbitrary." Among the considerations which could have prompted the legislature to exclude liability coverage for injuries or death to occupants from the insurance requirements of section 8—118 are that it may have been thought that greater protection was required for members of the general public having no opportunity to avoid the negligence of the driver, but not for passengers who can choose not to ride with a negligent driver or may have some voice as to the manner in which the vehicle is driven. Also, the legislature may have been seeking to eliminate collusive lawsuits created by a driver and his passengers, often his friends or relatives, for the purpose of reaching any available insurance proceeds. Such possible legislative motives are sufficient to justify the classification created by section 8—118. Nor does the fact that the statute was amended in 1969 to require liability coverage for injury or death to occupants of rented vehicles (Ill. Rev. Stat. 1969, ch. 95½, par. 9—105) alter our conclusion. As this court held in *People v. Loitz* (1952), 412 Ill. 313: "It is not necessary that the legislature extend regulation to all cases it might possibly reach. It is free to recognize degrees of

harm, and it may confine its restrictions to those classes of cases where the need is deemed to be the clearest." (412 Ill. 313, 319.) That the legislature has now decided that the statute should be extended to protect occupants does not render the previous statute unreasonable, for it is the reasonableness of the classification while the law was effective which controls.

Since neither by operation of law nor through the policy issued by Continental was any liability coverage provided for the injuries caused by Lou Adams to the occupants of the rented vehicle, Continental owed to Adams no debt or obligation which could have been garnisheed and the garnishment action was properly dismissed.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*