MARGARET MINNICK, Indiv. and for the Use and Benefit of Carl Minnick, Jr., *et al.*, Minors, Plaintiff-Appellee, *v.* WILLIAM FIDAY, d/b/a Sunnyland Tavern, Defendant-Appellee.—(THE DEPARTMENT OF PUBLIC AID, Intervenor-Appellant.)

Third District   No. 79-53

Opinion filed August 31, 1979.

William J. Scott, Attorney General, of Chicago (Harold D. Nealis, Jr., and Gail A. Moreland, Assistant Attorneys General, of counsel), for appellant.

734

Michael D. Block, of Cirricione, Block & Krockey, of Joliet, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff Margaret Minnick commenced this action by filing a two-count complaint in the circuit court of Will County alleging violation of the liquor control act (Ill. Rev. Stat. 1977, ch. 43, par. 135), commonly referred to as the Dramshop Act, by defendant William F. Friday, as operator of Sunnyland Tavern. Her husband, Carl Minnick, Sr., was injured on January 22, 1977, when the automobile he was driving collided with a telephone pole on Patterson Road in Will County, Illinois. Count I of plaintiff's complaint alleged loss of means of support for herself and the Minnicks' minor children in consequence of her husband's intoxication resulting from defendant's sale of alcoholic beverages to him. Count II prayed for property damages and medical expenses and was stricken as the trial court held that these items were not recoverable in an action in consequence of intoxication. The Department of Public Aid (hereinafter the Department) filed a petition to intervene in order to enforce its lien for medical expenses. In support thereof the Department certified that $10,175.58, charged to the assistance payment account of Carl Minnick, was paid to various medical providers on his behalf. Plaintiff moved to strike the Department's petition on the ground that the lien did not attach to plaintiff's claim and the trial court granted the motion. On appeal, the Department contends the court erred in so ruling, as it is entitled to a lien for medical expenses on the amount of recovery for loss of support in a dramshop action.

The relevant statutory authority is section 11—22 of the Illinois Public Aid Code, which provides in pertinent part:

"The Illinois Department shall have a charge upon all claims, demands and causes of action for injuries to an applicant for or recipient of financial aid under Articles III, IV and V for the total amount of medical assistance provided the recipient from the time of injury to the date of recovery upon such claim, demand or cause of action. * * *" (Ill. Rev. Stat. 1977, ch. 23, par. 11—22.)

The question of whether the Department's statutory lien attached to the proceeds of a dramshop action for loss of support under a similar provision of the Public Assistance Code of Illinois (Ill. Rev. Stat. 1965, ch. 23, par. 819) was decided in *Allen v. Conken* (1968), 39 Ill. 2d 427, 235 N.E.2d 631. In that case, the plaintiff's husband was accidentally incapacitated for approximately two years, during which she and the Allen children received financial assistance from the Department in the amount of $3,981. Thereafter a dramshop action instituted by plaintiff was settled for $9,750, and the Department petitioned to enforce its lien in the

amount of the assistance furnished. Rejecting a constitutional challenge and the contention that the lien did not attach to dramshop support recoveries, the court upheld the lien.

On appeal, the Department contends that under the terms of the statute, as applied in the *Allen* case, the lien herein should be upheld. The sole question is whether the plaintiff and children are recipients of financial aid.

Section 11—22 of the Illinois Public Aid Code defines the term as follows:

> " 'Recipient', as used herein, means the grantee of record and any persons whose needs are included in the financial aid provided to the grantee of record or otherwise met by grants under the appropriate Article of this Code for which such person is eligible." (Ill. Rev. Stat. 1977, ch. 23, par. 11—22.)

The Department contends that by defining recipient, not only as the grantee of record, but also as any person whose needs are included in this aid, the legislature has evinced its intent to apply a lien to those in plaintiff's position. It bases this contention on the fact that plaintiff and children were dependent on the grantee for their support.

If plaintiff and children had received financial assistance for their support, as was the case in *Allen v. Conken* (1968), 39 Ill. 2d 427, 235 N.E.2d 631, we would agree with the Department's reasoning. The Department's financial assistance was, however, neither received by plaintiff and children nor provided for their support. It was paid directly to medical providers on behalf of the grantee of record. As only the grantee's medical expenses were included in the grant of assistance, we fail to see how the needs of the plaintiff and children could be included in, or otherwise met by, this financial aid. This being the case, neither plaintiff nor children are recipients of aid under the statute. The lien of the Department can therefore not attach to their claim for loss of support under the Dramshop Act.

Accordingly, the order of the circuit court of Will County striking the intervening petition to enforce the Department's lien is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.